1   Harold J. McElhinny*
    Kevin M. Coles*
2   Elizabeth Balassone*
    MORRISON & FOERSTER LLP
3   425 Market Street
    San Francisco, CA  94105-2482
4   Telephone: (415) 268-7000
    Facsimile:  (415) 268-7522
5   Email:  HMcElhinny@mofo.com
    Email:  KColes@mofo.com
6
    Colette Reiner Mayer*
7   MORRISON & FOERSTER LLP
    755 Page Mill Road
8   Palo Alto, CA  94304-1018
    Telephone: (650) 813-5600
9   Facsimile:  (650) 494-0792
    Email:  CRMayer@mofo.com
10
    Attorneys for Plaintiffs
11
    *Admitted pursuant to Ariz. Sup. Ct. R. 38(a)
12
    Additional counsel listed on signature page
13

14                  IN THE UNITED STATES DISTRICT COURT

15                      FOR THE DISTRICT OF ARIZONA

16

17   JANE DOE # 1; JANE DOE # 2; NORLAN          Case No.   4:15-cv-00250-DCB
     FLORES, on behalf of themselves and all
18   others similarly situated,                  **MOTION TO PROCEED
                                                  UNDER PSEUDONYMS AND
19                      Plaintiffs,               FOR A PROTECTIVE ORDER**

20           v.                                   CLASS ACTION

21   Jeh Johnson, Secretary, United States       Oral Argument Requested
     Department of Homeland Security, in his
22   official capacity; R. Gil Kerlikowske,       (Assigned to the
     Commissioner, United States Customs &       Honorable David C. Bury)
23   Border Protection, in his official capacity;
     Michael J. Fisher, Chief of the United States Action Filed: June 8, 2015
24   Border Patrol, in his official capacity; Jeffrey
     Self, Commander, Arizona Joint Field
25   Command, in his official capacity; Manuel
     Padilla, Jr., Chief Patrol Agent-Tucson Sector,
26   in his official capacity,

27                      Defendants.

28

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................. ii

PLAINTIFFS JANE DOE # 1'S AND JANE DOE # 2'S MOTION TO PROCEED
   UNDER PSEUDONYMS AND FOR A PROTECTIVE ORDER ......................... 1

ARGUMENT ...................................................................................................................... 2

    A.    Legal Standards ............................................................................................ 2

    B.    Plaintiffs Jane Doe # 1 and Jane Doe # 2 have a reasonable fear of
        facing severe retaliatory harm if their identities are made public and
        would be vulnerable to such harm ............................................................... 4

    C.    Plaintiffs Jane Doe # 1's and Jane Doe # 2's interest in preserving
        confidentiality of their identities outweighs any prejudice to
        Defendants and the public's interest in disclosure of their identities ........... 7

        1.    Defendants will not be prejudiced if Plaintiffs Jane Doe # 1
            and Jane Doe # 2 appear under pseudonyms in publicly filed
            documents ......................................................................................... 7

        2.    The public interest weighs in favor of anonymity ............................. 7

CONCLUSION .................................................................................................................. 9

1

# TABLE OF AUTHORITIES

2

Page(s)

3

CASES

4

*A.B.T. v. United States Citizenship & Immigration Servs.*,
5
    No. 2:11-cv-02108, 2012 WL 2995064 (W.D. Wash. July 20, 2012) .................... 3, 6, 8
6
*Anim v. Mukasey*,
    535 F.3d 243 (4th Cir. 2008)........................................................................................ 5, 6
7

*Doe 140 v. Archdiocese of Portland in Or.*,
8
    249 F.R.D. 358 (D. Or. 2008) ......................................................................................... 2
9
*Doe v. Blue Cross & Blue Shield United of Wis.*,
10
    112 F.3d 869 (7th Cir. 1997)........................................................................................... 3
11
*Doe v. Holder*,
    736 F.3d 871 (9th Cir. 2013)........................................................................................... 3
12

*Doe v. Kamehameha Schools/Bernice Pauai Bishop Estate*,
13
    596 F.3d 1036 (9th Cir. 2010)......................................................................................... 7
14
*Doe v. Penzato*,
15
    No. CV10-5154, 2011 WL 1833007 (N.D. Cal. May 13, 2011) .................................... 3
16
*Doe v. Stegall*,
    653 F.2d 180 (5th Cir. 1981)........................................................................................... 3
17

*Doe v. United States Immigration & Naturalization Servs.*,
18
    867 F.2d 285 (6th Cir. 1989)...................................................................................... 3, 6
19
*Does I thru XXIII v. Advanced Textile Corp.*,
20
    214 F.3d 1058 (9th Cir. 2000) ...........................................................................*passim*
21
*EW v. New York Blood Ctr.*,
22
    213 F.R.D. 108 (E.D.N.Y. 2003)................................................................................... 8
23
*Ga. Latino Alliance for Human Rights v. Deal*,
    793 F. Supp. 2d 1317 (N.D. Ga. 2011), *aff'd in part,*
24
    *rev'd in part on other grounds,*
    *Ga. Latino Alliance for Human Rights v. Governor of Ga.*,
25
    691 F.3d 1250 (11th Cir. 2012) ..................................................................................... 3
26
*John Doe v. Gonzales*,
27
    484 F.3d 445 (7th Cir. 2007)...................................................................................... 3, 6

28

*Lin v. United States Dep't of Justice*,
   459 F.3d 255 (2d Cir. 2006) ............................................................................... 6

*Lozano v. City of Hazelton*,
   620 F.3d 170 (3d Cir. 2010), *vacated on other grounds*,
   131 S. Ct. 2958 (2011) ...................................................................................... 3

*Owino v. Holder*,
   771 F.3d 527 (9th Cir. 2014) .............................................................................. 6

*Plyler v. Doe*,
   457 U.S. 202 (1982) ........................................................................................... 3

*Roe v. Wade*,
   410 U.S. 113 (1973) ........................................................................................... 8

*Sealed Plaintiff v. Sealed Defendant # 1*,
   537 F.3d 185 (2d Cir. 2008) ............................................................................... 8

**OTHER AUTHORITIES**

8 C.F.R.
   § 208.6 ....................................................................................................... 1, 5, 8
   § 208.9 ............................................................................................................. 5
   § 1208.6 ..................................................................................................... 1, 5, 8

Fed. R. Civ. P.
   Rule 5.2 ..................................................................................................... 1, 5, 9

Linda Piwowarczyk, *Seeking Asylum: A Mental Health Perspective*,
   16 Geo. Immigr. L.J. 155, 168 (Fall 2011) ........................................................ 2

1

2

**PLAINTIFFS JANE DOE # 1'S AND JANE DOE # 2'S MOTION
TO PROCEED UNDER PSEUDONYMS AND FOR A PROTECTIVE ORDER**

3

4

5

6

7

8

Pursuant to Federal Rule of Civil Procedure 5.2(e), Plaintiffs Jane Doe # 1 and Jane Doe # 2 request this Court's leave to proceed under pseudonyms to protect their identities from public disclosure.  Plaintiffs will disclose their identities to the Court and the Defendants.  Plaintiffs also move the Court to order Defendants to maintain the confidentiality of their identities by using only pseudonyms in all of their filings, including all exhibits in which their names appear.

9

10

11

12

13

14

15

Plaintiff Jane Doe # 1 is a noncitizen who fled from her home in El Salvador out of fear for her life.  (Declaration of Elizabeth Balassone ("Balassone Decl.") in Support of Motion to Proceed Under Pseudonyms, Ex. A, Decl. Jane Doe # 1 ¶ 2.)[1]  She is afraid that if she returns to El Salvador she will be harmed or killed.  (*Id.*)  She came to the United States in order to seek protection from the danger and persecution that she faced in El Salvador and she intends to file an asylum application with the Department of Homeland Security ("DHS").  (*Id.*, Ex. A  ¶¶ 3 and 4.)

16

17

18

Plaintiff Jane Doe # 2 is the younger sister of Plaintiff Jane Doe #1 and fled El Salvador for the same reasons as her sister.  (*Id.*, Ex. B, Decl. Jane Doe # 2 ¶ 2.) Plaintiff Jane Doe # 2 also intends to apply for asylum.  (*Id.*, Ex. B ¶¶ 3 and 4.)

19

20

21

22

23

24

Plaintiffs Jane Doe # 1 and # 2 move this Court to appear under pseudonyms in order to protect their identities as asylum seekers from public disclosure.  Indeed, DHS's own regulations confer this protection upon individuals who are pursuing asylum.  *See* 8 C.F.R. § 208.6(b) (barring disclosure of records indicating that a specific noncitizen has applied for asylum); *cf. id.* § 1208.6(b) (same).  These strict confidentiality requirements are necessary and appropriate to protect the identities of asylum seekers from their

25

26

27

28

---

[1] Publicly filed versions of Exhibits A and B, the signed declarations of the two Doe plaintiffs, have been redacted so as not to reveal their real names.  Plaintiffs' counsel has conferred separately with Defendants' counsel and the Court clerk, and will provide unredacted copies to Defendants' counsel and unredacted courtesy copies for Chambers.

persecutors.  Plaintiffs Jane Doe # 1 and # 2 have articulated fear of the consequences of exposure—the precise risk these regulations are designed to guard against Balassone Declaration Exhibit A, Declaration Jane Doe # 1 ¶ 6 (expressing fear that if her name were used in this lawsuit it would get back to her persecutors and she would not be safe even in the United States); *id.*, Exhibit B, Declaration Jane Doe # 2 ¶ 6 (same).  A wide body of research demonstrates that victims (including, as here, victims of persecution) feel particularly vulnerable to further harassment.  *See*, *e.g.*, Linda Piwowarczyk, *Seeking Asylum: A Mental Health Perspective*, 16 Geo. Immigr. L.J. 155, 168 (Fall 2011) ("In general, those who have been intentionally victimized by another human being feel unprotected and unsafe") (citations omitted); *Doe 140 v. Archdiocese of Portland in Or.*, 249 F.R.D. 358, 361 (D. Or. 2008) (recognizing ongoing trauma to victims of sexual abuse).

As shown below, Plaintiffs' requests satisfy the Ninth Circuit's standard for determining whether a party may appear under a pseudonym.  *See Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068-69 (9th Cir. 2000).  The special circumstances of their situation demonstrate that Plaintiffs reasonably fear serious harm—and would be vulnerable to such harm—were their identities disclosed to the public. Their need for privacy outweighs the public's interest in knowing their identities and any harm to the Defendants from failure to disclose their names.  Because Plaintiffs do not seek to withhold their identities from Defendants, granting this motion would cause no prejudice to the opposing parties.  Upon issuance of the protective order requested here, Plaintiffs are prepared to provide Defendants the full names of Plaintiffs Jane Doe #1 and #2 and unredacted copies of their declarations.

Plaintiffs' counsel informed Defendants' counsel about this motion prior to filing and Defendants' counsel agreed not to oppose this motion.  (Balassone Decl. ¶ 5.)

## ARGUMENT

### A.    Legal Standards

Although the public holds a "common law right of access to judicial proceedings,"

federal courts allow parties to remain anonymous "when special circumstances justify secrecy." *Advanced Textile Corp.*, 214 F.3d at 1067.  Appearing under a pseudonym is appropriate when "nondisclosure of the party's identity 'is necessary. . . to protect a person from harassment, injury, ridicule, or personal embarrassment.'" *Id*. at 1067-68 (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981)).  In accord with this, a number of courts have allowed asylum seekers to proceed anonymously.  *See, e.g.*, *Doe v. Holder*, 736 F.3d 871, 872 n.1 (9th Cir. 2013); *John Doe v. Gonzales*, 484 F.3d 445 (7th Cir. 2007); *Doe v. United States Immigration & Naturalization Servs.*, 867 F.2d 285, 286 n.1 (6th Cir. 1989); *A.B.T. v. United States Citizenship & Immigration Servs.*, No. 2:11-cv-02108, 2012 WL 2995064 (W.D. Wash. July 20, 2012).  Other courts have allowed similarly vulnerable plaintiffs to proceed anonymously.  *See, e.g.*, *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997) ("fictitious names are allowed when necessary to protect the privacy of . . . rape victims, and other particularly vulnerable parties or witnesses"); *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981) (holding that the district court erred in denying pseudonym motion in light of, *inter alia*, the possibility of extensive harassment, including possible violence, against the plaintiffs who challenged religious ceremonies in public school); *Doe v. Penzato*, No. CV10-5154, 2011 WL 1833007, at *5 (N.D. Cal. May 13, 2011) (granting motion to proceed anonymously where foreign national plaintiff alleged sexual assault by defendant).

Other courts have recognized the particular vulnerability of undocumented immigrants and allowed them to proceed anonymously.  *See, e.g.*, *Lozano v. City of Hazleton*, 620 F.3d 170, 194-95 (3d Cir. 2010), *vacated on other grounds*, 131 S. Ct. 2958 (2011); *Ga. Latino Alliance for Human Rights v. Deal*, 793 F. Supp. 2d 1317 (N.D. Ga. 2011), *aff'd in part, rev'd in part on other grounds*, *Ga. Latino Alliance for Human Rights v. Governor of Ga.*, 691 F.3d 1250 (11th Cir. 2012).  Additionally, in the landmark decision addressing the rights of undocumented children, the plaintiffs were allowed to proceed anonymously.  *Plyler v. Doe*, 457 U.S. 202 (1982).

1    In determining whether a plaintiff may proceed anonymously, the Ninth Circuit

2    balances the harm faced by the party requesting anonymity, prejudice to the opposing

3    party, and the public interest, including the public's interest in the withheld information.

4    *Advanced Textile Corp.*, 214 F.3d at 1068.  Where, as here, a party seeks to keep his

5    identity or personal information confidential based upon risk of retaliation were that

6    information revealed, the Ninth Circuit also considers "(1) the severity of the threatened

7    harm, (2) the reasonableness of the anonymous party's fears, and (3) the anonymous

8    party's vulnerability to such retaliation."  *Id*. (citations omitted).

9    **B.    Plaintiffs Jane Doe # 1 and Jane Doe # 2 have a reasonable fear of**
     **facing severe retaliatory harm if their identities are made public and**

10   **would be vulnerable to such harm.**

11   Anonymity is appropriate where identification of a plaintiff could cause retaliatory

12   harm to the plaintiff greater than what a typical plaintiff would face.  *Advanced Textile*

13   *Corp.*, 214 F.3d at 1068, 1070-71.  Here, Plaintiffs Jane Doe # 1 and Jane Doe # 2 are

14   asylum-seekers who intend to apply for asylum when permitted to do so under the policies

15   of DHS and the immigration courts.  Plaintiffs took the first step in the asylum process by

16   informing CBP agents who interviewed them of their fear of death if they are returned to

17   El Salvador and of their intent to apply for asylum.  (Balassone Decl., Ex. A, Decl. Jane

18   Doe # 1 ¶ 4; *id.*, Ex. B, Decl. Jane Doe # 2 ¶ 4.)  They fear that if their names are

19   disclosed in relation to this lawsuit that information on their whereabouts could get back

20   to individuals in El Salvador who wish to harm them.  (*Id.*, Ex. A, Decl. Jane Doe # 1 ¶ 6;

21   *id.*, Ex. B, Decl. Jane Doe # 2 ¶ 6.)

22   The risk of harm for Plaintiffs Jane Doe # 1 and Jane Doe # 2 would be severe if

23   they were to proceed in a non-confidential manner.  As asylum-seekers, Plaintiffs fall

24   within a particularly vulnerable class of immigrants.  "Privacy and its confidentiality

25   requirements are especially important for an asylum-seeker, whose claim inherently

26   supposes a fear of persecution by the authorities of the country of origin and whose

27   situation can be jeopardized if protection of information is not ensured."  (Balassone Decl.

28   Ex. C, *Advisory Opinion on the Rules of Confidentiality Regarding Asylum Information*,

1  United Nations High Comm'r for Refugees at. p. 2 (March 31, 2005) *available at*

2  http://www.refworld.org/pdfid/42b9190e4.pdf (last visited June 19, 2015).)

3       The reasonableness of Plaintiffs Jane Doe # 1's and Jane Doe # 2's fears are

4  confirmed by the array of government policies prohibiting or limiting the public

5  availability of information related to asylum claims.  *See, e.g.*, 8 C.F.R. §§ 208.6; *id.*

6  § 1208.6 (barring disclosure of information relating to asylum applications); 8 C.F.R.

7  § 208.9(b) (requiring asylum interviews to be held "separate and apart from the general

8  public"); Fed. R. Civ. P. 5.2 & cmt. c. (limiting remote access to immigration electronic

9  case files due to "the prevalence of sensitive information in such cases").  As DHS has

10  acknowledged,

11       [C]onfidentiality regulations are of utmost importance in protecting asylum
12       applicants because the "regulations safeguard information that, if disclosed
         publicly, could subject the claimant to retaliatory measures by government
13       authorities or non-state actors in the event that the claimant is repatriated, or
         endanger the security of the claimant's family members who may still be
14       residing in the country of origin."

15  *Anim v. Mukasey*, 535 F.3d 243, 253 (4th Cir. 2008) (quoting U.S. Customs &

16  Immigration Servs. Asylum Div., U.S. Dep't of Homeland Sec., *Fact Sheet: Federal*

17  *Regulations Protecting the Confidentiality of Asylum Applicants* (2005) , *available at*

18  http://www.uscis.gov/sites/default/files/USCIS/Laws/Memoranda/

19  Static_Files_Memoranda/Archives%201998-2008/2005/fctsheetconf061505.pdf (last

20  visited June 19, 2015) (copy attached for convenience to Balassone Declaration as Exhibit

21  D); *see also* Balassone Decl. Ex. E, *Memorandum: Confidentiality of Asylum Applications*

22  *& Overseas Verification of Documents*, Bo Cooper, Gen. Counsel, Immigration &

23  Naturalization Servs. at pp. 39-45 (June 21, 2001), *available at* https://web.archive.org/

24  web/20061130221925/http://judiciary.house.gov/Legacy/82238.pdf (last visited June 19,

25  2015); *id.*, Ex. F, *Asylum Officer Basic Training Course Participant Workbook*, USCIS at

26  pp. 14-15 (Sept. 14, 2006) (noting that asylum applicants may be hesitant to disclose

27  information that is not kept confidential because, "applicants may fear for the lives and

28  safety of family members and friends"), *available at* http:// www.uscis.gov/ sites/default/

1   files/USCIS/Humanitarian/Refugees%20&%20Asylum/Asylum/

2   AOBTC%20Lesson%20Plans/Interview%20Part-Overview-Nonadversarial-Asylum-

3   Interview-31aug10.pdf (last visited June 19, 2015); *id.*, Ex. G, *Immigration Court*

4   *Practice Manual*, Executive Office of Immigration Review at 62 (2015) (allowing for

5   closed asylum hearings), *available at* http://www.justice.gov/eoir/pages/attachments/

6   2015/02/02/ practice_manual_review.pdf (last visited June 19, 2015).)

7      A number of courts also have recognized the importance of confidentiality for

8   asylum applicants, allowing them to proceed with pseudonyms in their asylum cases.  *See,*

9   *e.g.*, *Lin v. United States Dep't of Justice*, 459 F.3d 255, 268 (2d Cir. 2006) (recognizing

10  that disclosure of asylum information may "potentially expose[] [an asylee] and his family

11  to risks beyond those that he claims caused him to flee China"); *John Doe v. Gonzales*,

12  484 F.3d 445 (7th Cir. 2007); *Doe v. United States Dep't of Justice*, 867 F.2d 285 (6th

13  Cir. 1989).  The potential of a breach of confidentiality to endanger an asylum-seeker is so

14  great that where the government fails to maintain confidentiality in an asylum case, the

15  breach of confidentiality may, in and of itself, create grounds for asylum or other

16  humanitarian relief.  *See, e.g.*, *Owino v. Holder*, 771 F.3d 527, 534-36 (9th Cir. 2014)

17  (remanding case to BIA to determine whether U.S. government's breach of petitioner's

18  confidentiality created a new claim for protection under the Convention Against Torture);

19  *Anim*, 535 F.3d at 253-56 (remanding so petitioner could present new asylum claims after

20  breach of her confidentiality); *Lin*, 459 F.3d at 268 (same).

21     Courts also have recognized that the family members of asylum seekers risk

22  retaliation if the asylum seekers' identities become public.  *See, e.g.*, *Doe v. United States*

23  *Dep't of Justice*, 867 F.2d at 286 n.1 (allowing asylum petitioner to sue under pseudonym

24  to protect family in China from retaliation); *A.B.T.*, 2012 WL 2995064, at *3 (recognizing

25  that exposing the identity of plaintiffs may also jeopardize the freedom and physical

26  safety of the plaintiffs' families).

27     Plaintiffs Jane Doe # 1 and Jane Doe # 2 face a reasonable threat of serious harm if

28  they are publicly identified and are especially vulnerable to that harm due to their

1   involvement in this case.  They should not be forced to forego confidentiality regarding

2   their asylum claims in order to challenge the illegality of the conditions of detention under

3   which they were held.

4      **C.      Plaintiffs Jane Doe # 1's and Jane Doe # 2's interest in preserving**
            **confidentiality of their identities outweighs any prejudice to Defendants**
5            **and the public's interest in disclosure of their identities.**

6          The Court must balance prejudice to the opposing party and public interest

7   considerations, as well as the retaliatory harm that may come to the party seeking to

8   proceed anonymously.  *Advanced Textile Corp.*, 214 F.3d at 1068.  Here, the prejudice

9   and public interest factors weigh in favor of permitting Plaintiffs Jane Doe # 1 and Jane

10   Doe # 2 to proceed under pseudonyms rather than their full names.

11      **1.      Defendants will not be prejudiced if Plaintiffs Jane Doe # 1 and**
            **Jane Doe # 2 appear under pseudonyms in publicly filed**
12            **documents.**

13          Courts must weigh the risk of harm to the parties requesting to appear under

14   pseudonyms against prejudice to the opposing party.  *Advanced Textile Corp.*, 214 F.3d at

15   1069 (recognizing importance of "preserv[ing] the party's anonymity to the greatest

16   extent possible without prejudicing the opposing party's ability to litigate the case" where

17   plaintiffs have shown a need for anonymity).  Here, Defendants will not be prejudiced if

18   this motion is granted, because Plaintiffs do not seek to withhold their identities from

19   Defendants.  *Cf. id.* at 1072 (finding no prejudice to defendants even though they were not

20   informed of plaintiffs' identities).  Upon this Court's issuance of the protective order

21   sought by this motion, Plaintiffs Jane Doe # 1 and Jane Doe # 2 will provide Defendants

22   with their full names and unredacted versions of the declarations in support of this motion.

23      **2.      The public interest weighs in favor of anonymity.**

24          In evaluating a request to proceed under a pseudonym the Ninth Circuit weighs the

25   public's interest in open proceedings against the public's interest in anonymity.  *See*

26   *Advanced Textile Corp.*, 214 F.3d at 1068, 1072-73; *Doe v. Kamehameha Schools/Bernice*

27   *Pauai Bishop Estate*, 596 F.3d 1036, 1043 (9th Cir. 2010).  There is a strong public

28   interest in protecting the confidentiality of asylum seekers.  DHS's own regulations

1   protect asylum-seekers from government disclosure of their information, protecting from

2   disclosure even the fact that they have filed an asylum application.  8 C.F.R. § 208.6; *see*

3   *also A.B.T.*, 2012 WL 2995064, at *5 (W.D. Wash. Jul. 20, 2012) ("Given the clear

4   mandate to protect asylum applicants and to prevent disclosure of their identities to the

5   general public, the court has grave concerns of the role it would play in essentially

6   requiring the parties to violate 8 C.F.R. §§ 208.6, 1208.6" were it to deny asylum-seekers'

7   request to remain anonymous).

8        Public interest also may favor anonymity where a case raises important issues, such

9   as violations of statutory or constitutional rights, which would not be resolved on the

10  merits absent the plaintiff's ability to proceed under a pseudonym.  *See Advanced Textile*

11  *Corp.*, 214 F.3d at 1072-73; *Roe v. Wade*, 410 U.S. 113 (1973) (woman proceeded

12  anonymously in challenge to Texas statute criminalizing abortions).

13       Finally, anonymity also is more likely to be warranted in cases against government

14  Defendants.  *See, e.g.*, *Sealed Plaintiff v. Sealed Defendant # 1*, 537 F.3d 185, 190 (2d Cir.

15  2008); *EW v. New York Blood Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003) ("[W]here a

16  plaintiff attacks governmental activity, for example a governmental policy or statute, the

17  plaintiff's interest in proceeding anonymously is considered particularly strong.").

18  Plaintiffs challenge systemic detention policies and practices of CBP—one of the largest

19  federal enforcement agencies.  These policies and practices are applied throughout the

20  entire Tucson Border Patrol Sector, which is one of the largest, busiest Sectors within the

21  Border Patrol.  (*See* Pls.' Comp. ¶ 71, ECF No. 1.)  Withholding Plaintiffs Jane Doe # 1's

22  and Jane Doe # 2's identities will not prevent the public from examining the

23  constitutionality of the challenged detention conditions, but denying their requests to keep

24  their identities confidential will require them to choose between their safety and

25  vindicating their rights.

26       Consequently, this is not a case in which the public's interest would be best served

27  by requiring public disclosure of Plaintiffs' identities.  The public interest, the risk of

28  serious harm to Plaintiffs Jane Doe # 1 and Jane Doe # 2 were their identities disclosed to

1    the public, and the lack of prejudice to Defendants all weigh in favor of granting

2    Plaintiffs' motion.

3                                    **CONCLUSION**

4            Plaintiffs Jane Doe # 1 and Jane Doe # 2 respectfully request that the Court grant

5    this motion and permit them to proceed under pseudonyms.  Plaintiffs additionally request

6    that, pursuant to Federal Rule of Civil Procedure 5.2(e), this Court orders all parties to use

7    Plaintiff Jane Doe # 1's and Jane Doe # 2's pseudonyms in all documents filed in this

8    action.

9

10   Dated: June 23, 2015                    By:   /s/ *Harold J. McElhinny*

11                                                 Harold J. McElhinny*
                                                   Kevin M. Coles*
12                                                 Elizabeth Balassone*
                                                   MORRISON & FOERSTER LLP
13                                                 425 Market Street
                                                   San Francisco, CA  94105-2482
14                                                 Telephone: (415) 268-7000
                                                   Facsimile:  (415) 268-7522
15                                                 Email:  HMcElhinny@mofo.com
                                                   Email:  KColes@mofo.com
16
                                                   Colette Reiner Mayer*
17                                                 MORRISON & FOERSTER LLP
                                                   755 Page Mill Road
18                                                 Palo Alto, CA  94304-1018
                                                   Telephone: (650) 813-5600
19                                                 Facsimile:  (650) 494-0792
                                                   Email:  CRMayer@mofo.com
20
                                                   Louise C. Stoupe*
21                                                 Pieter S. de Ganon*
                                                   MORRISON & FOERSTER LLP
22                                                 Shin-Marunouchi Building, 29th Floor
                                                   5-1, Marunouchi 1-Chome
23                                                 Tokyo, Chiyoda-ku  100-6529, Japan
                                                   Telephone: +81-3-3214-6522
24                                                 Facsimile:  +81-3-3214-6512
                                                   Email:  LStoupe@mofo.com
25                                                 Email:  PdeGanon@mofo.com

26

27

28

1
2
3
4
5
6

Linton Joaquin*
Karen C. Tumlin*
Nora A. Preciado*
NATIONAL IMMIGRATION LAW CENTER
3435 Wilshire Boulevard, Suite 2850
Los Angeles, CA  90010
Telephone: (213) 639-3900
Facsimile:  (213) 639-3911
Email:  joaquin@nilc.org
Email:  tumlin@nilc.org
Email:  preciado@nilc.org

7
8
9
10
11
12

Mary Kenney**
Emily Creighton**
Melissa Crow**
AMERICAN IMMIGRATION COUNCIL
1331 G Street NW, Suite 200
Washington, DC 20005
Telephone: (202) 507-7512
Facsimile:  (202) 742-5619
Email:  mkenney@immcouncil.org
Email:  ecreighton@immcouncil.org
Email:  mcrow@immcouncil.org

13
14
15
16
17
18

Victoria Lopez (Bar No. 330042)***
Daniel J. Pochoda (Bar No. 021979)
James Duff Lyall (Bar No. 330045)***
ACLU FOUNDATION OF ARIZONA
3707 North 7th Street, Suite 235
Phoenix, AZ  85014
Telephone: (602) 650-1854
Facsimile:  (602) 650-1376
Email:  vlopez@acluaz.org
Email:  dpochoda@acluaz.org
Email:  jlyall@acluaz.org

19
20
21
22
23
24

Travis Silva*
LAWYERS' COMMITTEE FOR CIVIL RIGHTS
OF THE SAN FRANCISCO BAY AREA
131 Steuart Street, Suite 400
San Francisco, CA  94105
Telephone: (415) 543-9444
Facsimile:  (415) 543-0296
Email:  tsilva@lccr.com

25

Attorneys for Plaintiffs

26
27

* Admitted pursuant to Ariz. Sup. Ct. R. 38(a)
** Pro hac vice motion pending
*** Admitted pursuant to Ariz. Sup. Ct. R. 38(f)

28

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that on this 23rd day of June, 2015, I caused a PDF version of the

3

documents listed below to be electronically transmitted to the Clerk of the Court, using

4

the CM/ECF System for filing and for transmittal of a Notice of Electronic Filing to all

5

CM/ECF registrants and non-registered parties.

6

7
- **MOTION TO PROCEED UNDER PSEUDONYMS AND FOR A PROTECTIVE ORDER**

8

9
- **DECLARATION OF ELIZABETH BALASSONE IN SUPPORT OF PLAINTIFFS' MOTION TO PROCEED UNDER PSEUDONYMS**

10
**AND FOR A PROTECTIVE ORDER**

11
- **INDEX OF EXHIBITS TO ELIZABETH BALASSONE**

12
**DECLARATION IN SUPPORT OF MOTION TO PROCEED UNDER PSEUDONYMS AND FOR A PROTECTIVE ORDER with**

13
**attached exhibits**

14
- **[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO**

15
**PROCEED UNDER PSEUDONYMS AND FOR A PROTECTIVE ORDER**

16

17

18

19
Harold J. McElhinny                    /s/ *Harold J. McElhinny*
(typed)                                          (signature)

20

21

22

23

24

25

26

27

28

CERTIFICATE OF SERVICE
sf-3547576