# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

|  |  |
|---|---|
| Jane Doe #1, et al., <br>       Plaintiffs, <br> v. <br> Jeh Johnson, Secretary, United States Department of Homeland Security, et al., <br>       Defendants. | CV 15-250 TUC DCB <br><br> **ORDER** |

Plaintiffs' Motion for Expedited Discovery having been fully briefed and following oral argument, the Court finds good cause for the expedited discovery because it is needed by Plaintiffs to prepare and file a Motion for Preliminary Injunction. Therefore, the Court finds the administration of justice outweighs the prejudice to the Defendants given the narrow limits of the discovery the Court will allow to be conducted on an expedited basis. *Semitool, Inc. v. Tolyo Electron Am., Inc.,* 208 F.R.D. 273, 276 (Calif. 2002); *United States v. Washington*, 318 F.3d 845, 847 (8th Cir. 2003).

**Accordingly,**

**IT IS ORDERED** that the Motion for Expedited Discovery (Doc. 25) is GRANTED.

**IT IS FURTHER ORDERED** the Plaintiffs are granted permission to conduct expedited discovery, as follows:

1. No more than five persons (three experts, one photographer, and one Plaintiffs' attorney) to visit four Customs and Border Protection (CBP) facilities (Tucson, Douglas, Nogales, and Casa Grande) for no more than one day at each facility, with Plaintiffs acting

in good faith to limit as much as possible the time spent to conduct the discovery at each facility.

     2.    Secured Areas: For approximately 10 minutes, inspect and photograph all holding cells and all fixtures contained therein, including the bathroom, and any other areas used at the CBP facility for or accessed by detainees (examples being areas were initial intake and medical screening is conducted), with Plaintiffs utilizing the Administrative Oversight Area (supervisor observation room) as much as possible to reduce to the extent possible the need to physically access the secure holding areas of the CBP facility.

     3. Defendants shall provide current floor plans showing the measurements of the secured detainee holding areas or Defendants shall measure these areas and, with an avowal of accuracy, provide the measurements to the Plaintiffs.

     4. Obtain temperature readings for the CBP facilities in the detainee holding areas; Defendants shall provide information regarding the CBP facility temperature, including whether the temperature is set for the entire building or if separate cooling units or controls operate for the holding areas.

     5. Inspect and photograph supply storage areas, including storage areas for food and dishes, bedding, and general storage); food preparation and delivery areas; laundry facilities, and waste facilities, including the garbage;

     6.    Review and reproduce documents sufficient to show <u>current</u> detainee in-processing and detention practices and procedures at these four stations, including: any memorandum that sets out procedures for hold rooms and short-term custody; a current version of a security policy and procedures handbook for detention, and any written memoranda that have been issued to supervising agents that govern feeding, medical screening, sleeping, and temperature.

     7. Produce a list of which logs each facility maintains relevant to daily conditions of confinement, including but not limited to: maintenance logs; supply logs; detainee call

logs; cell occupancy logs, including length of stay; detainee medical logs; incident reports; surveillance video footage, and emergency drill logs. Defendants have agreed to provide daily log information for the three Doe Plaintiffs.

8. For each facility, produce a list of video surveillance being conducted and maintained in holding cells and all fixtures contained therein, including the bathroom, and any other areas in the CBP facility used for or accessed by detainees (examples being areas were initial intake and medical screening is conducted).

**IT IS FURTHER ORDERED** that Defendants <u>shall not destroy or record over</u> any video surveillance tapes of any and all detainee holding areas (holding cells and all fixtures contained therein, including the bathroom, and any other areas in the CBP facility used for or accessed by detainees (examples being areas were initial intake and medical screening is conducted)) <u>and shall preserve such surveillance tapes currently in their possession</u>.

**IT IS FURTHER ORDERED** that, pending entry of a formal Protective Order to be drafted by the Defendants, the Plaintiffs stipulate that this expedited discovery shall be for "attorney eyes only."

**IT IS FURTHER ORDERED** that the Defendant shall draft a Protective Order to address the privacy issues that may arise during discovery in this case.

**IT IS FURTHER ORDERED** that on or before the close of business on Thursday, August 20, 2015, the Defendants shall produce the daily logs and video list logs.

**IT IS FURTHER ORDERED** that Defendants shall accommodate the Plaintiffs with respect to completing the expedited discovery within 22 days, including holidays and weekends, of August 14, 2015.

DATED this 14th day of August, 2015.

David C. Bury
United States District Judge

3