**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Unknown Parties, et al., | No. CV-15-00250-TUC-DCB |
| Plaintiffs, | **ORDER** |
| v. | |
| Kirstjen M Nielsen, et al., | |
| Defendants. | |

On September 11, 2020, the Plaintiffs filed a Report Regarding Apparent NonCompliance with Permanent Injunction (Doc. 507). On September 23, 2020, the Defendants filed a Response explaining that the referenced "apparent noncompliance" in large part occurred prior to the July 16, 2020, effective date of the Permanent Injunction, and were caused due to incomplete e3DM data, pending upgrades being made to comply with the Permanent Injunction. Additionally, three exigent circumstances caused facilities to be closed for deep cleaning due to COVID-19 outbreaks on May 30-31, June 14-15, and June 29-30. The Defendants note that Plaintiffs did not seek to meet and confer prior to filing the Report of Noncompliance, but gave Defendants a week to add their position to the Report. Instead, Defendants filed a Response (Doc. 512).

This case is closed. Judgment was entered on February 19, 2020, (Doc. 483), and subsequently, the Court entered the Permanent Injunction, (Doc 494). The Court retained jurisdiction over the case to enforce its Orders, including the Permanent Injunction and Judgment. (Order (Doc. 494). As noted by the Defendants, the Court allowed time to comply with the Permanent Injunction until July 16, 2020. The Defendants were instructed to file status reports until compliance was attained. On July 15, 2020, the Defendants filed

the Final Status Report, reporting full compliance. Nothing was filed by the Plaintiffs until the September 11, 2020, Report Regarding Apparent Noncompliance with the Permanent Injunction (Doc. 507). The Plaintiffs did not Reply to the Defendants' explanations for the alleged noncompliance. The Report was not accompanied by a motion to compel invoking the Court's limited jurisdiction, which it has retained.

It is well established that the Court has "inherent power to enforce compliance with [its] lawful orders through civil contempt." *Shillitani v. United States*, 384 U.S. 364, 370, (1966). Additionally, Fed.R.Civ.P. 70(e) provides that, "[t]he court may also hold a disobedient party in contempt." "The standard for holding a party in civil contempt is well settled." *F.T.C. v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir.1999). The burden is on the moving party to show by clear and convincing evidence that the contemnor violated a specific and definite order of the court. *Id.; In Re Bennett*, 298 F.3d 1059, 1069 (9th Cir.2002)). Violation of a court order is shown by the party's "failure to take all reasonable steps within the party's power to comply." *In Re Bennett*, 298 F.3d at 1069.

Until or unless the Plaintiffs seek to invoke this Court's enforcement powers, this case is closed and filing reports in it is not appropriate because "[a] final judgment may be reopened only in narrow circumstances." *Henderson v. Shinseki*, 562 U.S. 428, 440 (2011). Under the circumstances, the Court does not take any action in response to the Report Regarding Apparent NonCompliance with Permanent Injunction (Doc. 507).

**Accordingly,**

**IT IS ORDERED** that the parties shall not file in this closed case, except and unless necessary to secure compliance with the Permanent Injunction, the Judgment, or any Order of the Court.

Dated this 18th day of November, 2020.

David C. Bury
United States District Judge