BRIAN M. BOYNTON
Acting Assistant Attorney General
WILLIAM C. PEACHEY
Director
Office of Immigration Litigation,
District Court Section
SARAH B. FABIAN
CHRISTINA PARASCANDOLA
Senior Litigation Counsel
KATELYN MASETTA-ALVAREZ
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 514-0120
Fax: (202) 305-7000
katelyn.masetta.alvarez@usdoj.gov

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jane Doe #1; *et al.*, | |
|     Plaintiffs, | Case No. 15-cv-250-TUC-DCB |
|     v. | **DEFENDANTS' OPPOSITION TO PLAINTIFFS' APPLICATION FOR AND BILL OF COSTS** |
| Chad Wolf, Acting Secretary, United States Department of Homeland Security, *et al.*,[1] | |
|     Defendants. | Date: May 25, 2021 |
| | Hon. David C. Bury |

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Defendants request that the Court substitute Alejandro Mayorkas, Secretary of the Department of Homeland Security, for former Acting Secretary Chad Wolf.

Defendants oppose Plaintiffs' Application and Bill of Costs, ECF No. 521, as untimely. The issue is whether a stipulated dismissal with prejudice is an appealable order for requesting fees and costs under the Equal Access to Justice Act (EAJA). It does not appear that the Ninth Circuit has firmly decided this issue, especially in light of the Supreme Court's 2017 decision in *Microsoft Corp. v. Baker*, 137 S. Ct. 1702 (2017), which held that a voluntary dismissal is not an appealable order. Because a stipulated dismissal of an appeal with prejudice is generally not an appealable judgment, the parties' stipulated dismissal of Plaintiffs' cross-appeal was a "final judgment" under the EAJA, and Plaintiffs had 30 days after such judgment to move for costs and fees pursuant to EAJA. As such, Defendants request that the Court deny Plaintiffs' application for costs as untimely.

### I.   RELEVANT FACTS AND PROCEDURAL HISTORY

On February 19, 2020, the Court entered judgment in favor of Plaintiffs in the instant case. ECF No. 483. Subsequently, on April 17, 2020, the Court issued a permanent injunction. The government filed protective notices of appeal from the judgment and permanent-injunction order while awaiting an appeal determination from the Solicitor General. ECF Nos. 495, 502. Plaintiffs also filed cross notices of appeal from both orders. ECF Nos. 498, 504.

On November 10, 2020, the parties filed a stipulated dismissal of the government's protective notices of appeal under Federal Rule of Appellate Procedure 42(b), which the Ninth Circuit granted on November 18, 2020. *See Doe v. Wolf*, No. 20-15741 (9th Cir.), Dkt. Nos. 26, 27. On January 26, 2021, the parties likewise filed a stipulated dismissal of Plaintiffs-Appellees' cross appeal with prejudice, which the Ninth Circuit granted on January 27, 2021. *See Doe v. Wolf*, No. 20-15850 (9th Cir.), Dkt. No. 25; ECF No. 520.

Nearly four months later, Plaintiffs filed an application and bill of costs pursuant to Local Rule 54.1 and EAJA, 28 U.S.C. § 2412. ECF No. 521 at 1. Plaintiffs have not

filed a request for attorneys' fees and non-taxable expenses pursuant to EAJA but have expressed their intent to do so in the near future. *Id.*

## II. PLAINTIFFS' REQUEST FOR COSTS IS UNTIMELY BECAUSE THEY FILED THEIR APPLICATION 104 DAYS AFTER THE COURT OF APPEALS ENTERED A FINAL JUDGMENT.

Plaintiffs' argument that the judgment has not yet become final because the parties could petition for a writ of certiorari after a stipulated dismissal of Plaintiffs' cross-appeal lacks support. The Ninth Circuit has not determined that the 90-day period for petitioning for writ of certiorari extends the EAJA filing deadline when the party seeking fees has voluntarily dismissed its own appeal, and recent Supreme Court precedent suggests that such a dismissal is not appealable.

### A. Plaintiffs must file a motion for costs under the Local Rules and under EAJA within 14 days of a final, non-appealable judgment.

A party that obtains a favorable judgment is entitled to certain taxable costs as long as the party files an application for such costs within 14 days after the "entry of final judgment." L.R. 54.1. Under the EAJA, a "final judgment" is a judgment that is "not appealable." 28 U.S.C. § 2412(d)(2)(G). Courts in this district have applied the EAJA definition of "final judgment" when a party seeks costs under Local Rule 54.1 and under EAJA. *Mons v. Astrue*, No. CV-09-01687-PHX-NVW, 2011 WL 855648, at *2 (D. Ariz. Mar. 10, 2011) ("Using this same definition of 'final judgment' [from the EAJA statute] for purposes of LRCiv. 54. 1, Plaintiff, in order to timely request costs, should have filed a bill of costs with the Clerk of the Court [within 14 days after the time for appeal had elapsed]").

**B. The Ninth Circuit order dismissing the appeal pursuant to the parties' stipulation is a final, non-appealable order that started the EAJA clock.**

The EAJA requirement for filing a timely fee application is a condition on the United States' waiver of sovereign immunity.[2] *See Ardestani v. INS*, 502 U.S. 129, 137 (1991). As such, courts must strictly construe the scope of the waiver in favor of the United States. *United States v. Nordic Village, Inc.*, 503 U.S. 30, 34 (1992) (stating that a waiver of sovereign immunity "must be construed strictly in favor of the sovereign" and "not enlarge[d]…beyond what the language requires.") (internal quotation marks omitted). Thus, district courts should resolve any doubt as to when or how EAJA applies in favor of the United States.

When a judgment is no longer "open to attack," it is final and non-appealable for the purpose of EAJA. *Bair v. California Dep't of Transportation*, 685 F. App'x 546, 547 (9th Cir. 2017) (holding that the district court's dismissal of the action pursuant to the parties' stipulation was a final, non-appealable judgment) (quoting *Hoa Hong Van v. Barnhart*, 483 F.3d 600, 610 (9th Cir. 2007)). The Ninth Circuit's recent holding in *Bair* that a stipulated judgment is non-appealable is especially persuasive given the Supreme Court's decision in *Baker*, 137 S. Ct. 1702. In *Baker*, the Supreme Court held that federal

---

[2] Federal Rule of Civil Procedure 54 permits costs against the United States "only to the extent allowed by law." Fed. R. Civ. P. 54(d)(1). Thus, Plaintiffs are not entitled to costs under Fed. R. Civ. P. 54 or L.R. 54.1 unless they demonstrate that they are entitled to costs pursuant to EAJA. Plaintiffs, however, have not put forth any argument that they are the prevailing party or that the Government's position was not substantially justified—as required under the EAJA statute—and therefore have waived those arguments as to the instant submission. *See* 28 U.S.C. § 2412(d)(1)(B) ("A party seeking an award of fees and other expenses shall…submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection….[t]he party shall also allege that the position of the United States was not substantially justified."). To the extent Plaintiffs make these arguments in a motion for attorney's fees under EAJA in the future, Defendants reserve the right to argue that Plaintiffs have failed to meet their burden on those elements.

3

courts of appeals lack appellate jurisdiction to review an order denying class certification when the named plaintiffs have voluntarily dismissed their claims with prejudice, thereby reversing the Ninth Circuit's contrary precedent. *Id.* at 1704. Although *Baker* involved class certification, the heart of the holding is that "plaintiffs cannot generate a final appealable order by *voluntarily* dismissing their claim." *Lamps Plus, Inc. v. Varela*, 139 S. Ct. 1407, 1414 n.2 (2019) (emphasis in original) (citing *Baker*, 137 S. Ct. at 1702). Consequently, the Ninth Circuit has extended its reasoning to cases outside of the class-certification context. *See Langere v. Verizon Wireless Servs., LLC*, 983 F.3d 1115, 1117 (9th Cir. 2020) (holding that, in light of *Microsoft*, "a plaintiff does not create appellate jurisdiction by voluntarily dismissing his claims with prejudice after being forced to arbitrate them."). Thus, after the Supreme Court's decision in *Microsoft*, a voluntary dismissal with prejudice likely is not an appealable order.

Plaintiffs provide no explanation why they waited for more than three months after their voluntary dismissal to seek reimbursement for their costs. Plaintiffs cite to a 2007 case, *Li v. Keisler*, to support their argument that the EAJA application period begins after the government's opportunity to petition for writ of certiorari elapses when the parties stipulate to appeal. *See* ECF No. 521 at 4 (citing *Li v. Keisler*, 505 F.3d 913, 916–17 (9th Cir. 2007) (holding that the thirty-day EAJA fee application period did not begin to run until after the expiration of time during which a party may seek a writ of certiorari from the Supreme Court, where the Ninth Circuit remanded an immigration matter to the Board of Immigration Appeals at the government's request)). However, the Ninth Circuit decided *Li* ten years before the Supreme Court decided *Baker*, in which it reversed the Ninth Circuit's holding that voluntary dismissal results in a final decision allowing for immediate appellate review. *Baker*, 137 S. Ct. at 1712–13. Further, *Li* is distinguishable from the present case because *Li* involved a request to remand an immigration matter to an agency rather than a voluntary dismissal of appeal altogether. *Li*, 505 F.3d at 916-17. Indeed, Defendants have not located any Ninth Circuit holding that the 30-day EAJA

4

deadline begins after the period for petitioning for a writ of certiorari when the parties have stipulated to dismissal with prejudice—especially post-*Baker*.[3] Thus, because *Baker* has cast doubt on whether a voluntary dismissal of an appeal would be appealable, and given that the Ninth Circuit has not decided this issue post-*Baker*, the Court should resolve any doubt about timeliness in the government's favor and should deny Plaintiffs' filing as out of time. *Nordic Village*, 503 U.S. at 34.

### III. CONCLUSION

Under the implicit holding in *Baker* that a stipulated dismissal is generally not appealable, Plaintiffs cannot sidestep the filing deadlines set by the EAJA and the Local Rules, especially when they file three months after the statutory deadline. Defendants therefore request that the Court deny Plaintiffs' application as untimely.

DATED: May 25, 2021

By: /s/ Katelyn Masetta-Alvarez

BRIAN M. BOYNTON
Acting Assistant Attorney General
WILLIAM C. PEACHEY
Director
Office of Immigration Litigation,
District Court Section
SARAH B. FABIAN
CHRISTINA PARASCANDOLA
Senior Litigation Counsel
KATELYN MASETTA-ALVAREZ
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation

---

[3] There is a circuit split among the circuits that have clearly decided whether the 90-day period for filing a writ for certiorari applies when a party moves to voluntarily dismiss. *Compare Adams v. Securities & Exchange Commission,* 287 F.3d 183, 191 (D.C. Cir. 2002) (adopting a bright-line rule whereby the time for filing an EAJA request runs from the expiration of the time for appeal) *with Briseno v. Ashcroft,* 291 F.3d 377 (5th Cir. 2002) (holding that the EAJA timeline began to run immediately after a voluntary dismissal under Rule 41(a)(2), because such dismissals are "ordinarily" not appealable). These cases, however, were decided pre-*Baker*.

District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 514-0120
Fax: (202) 305-7000
katelyn.masetta.alvarez@usdoj.gov

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of May 2021, I electronically filed the instant Opposition to Plaintiffs' Application and Bill of Costs to the Clerk of the Court, using the CM/ECF System for filing and for transmittal of a Notice of Electronic Filing to all CM/ECF registrants and non-registered parties.

Respectfully submitted,

/s/ Katelyn Masetta-Alvarez
Katelyn Masetta-Alvarez
Trial Attorney