1
JACK W. LONDEN (Bar No. 006053)
JOHN S. DOUGLASS*

2
MORRISON & FOERSTER LLP
425 Market Street

3
San Francisco, CA 94105-2482
Telephone: (415) 268-7000

4
Facsimile: (415) 268-7522
Email: JLonden@mofo.com

5
Email: JDouglass@mofo.com

6
COLETTE REINER MAYER*
PIETER S. DE GANON*

7
MORRISON & FOERSTER LLP
755 Page Mill Road

8
Palo Alto, CA 94304-1018
Telephone: (650) 813-5600

9
Facsimile: (650) 494-0792
Email: CRMayer@mofo.com

10
Email: PdeGanon@mofo.com

11
Attorneys for Plaintiffs
*Admitted pursuant to Ariz. Sup. Ct. R. 38(a)

12
Additional counsel listed on next page

13

14
IN THE UNITED STATES DISTRICT COURT

15
FOR THE DISTRICT OF ARIZONA

16
Jane Doe #1; Jane Doe #2; Norlan Flores, on behalf of themselves and all others similarly situated,

17

18
                                          *Plaintiffs*,

19
             v.

20
Chad Wolf, Acting Secretary of Homeland Security; Mark A. Morgan, Acting

21
Commissioner, U.S. Customs and Border Protection; Carla L. Provost, Chief of United

22
States Border Patrol, in her official capacity; Roy D. Villareal, Chief Patrol Agent-Tucson

23
Sector, in his official capacity,

24
                                          *Defendants*.

25

26

27

28

Case No. 4:15-cv-00250-TUC-DCB

**PLAINTIFFS' MOTION TO REVIEW THE CLERK'S JUDGMENT ON TAXATION OF COSTS**

**CLASS ACTION**

**(Assigned to the Honorable David C. Bury)**

Action Filed: June 8, 2015
Trial Date:  January 13, 2020

PLAINTIFFS' MOTION TO REVIEW THE CLERK'S JUDGMENT ON TAXATION OF COSTS
CASE NO. 4:15-cv-00250-TUC-DCB
sf-4496132

1   ALVARO M. HUERTA*
    NATIONAL IMMIGRATION LAW CENTER
2   3450 Wilshire Boulevard #108-62
    Los Angeles, CA  90010
3   Telephone: (213) 639-3900
    Facsimile: (213) 639-3911
4   Email: huerta@nilc.org

5   MARY KENNEY*
    NATIONAL IMMIGRATION LITIGATION
6   ALLIANCE
    10 Griggs Terrace
7   Brookline, MA 02446
    Telephone: (617) 819-4681
8   Email: mary@immigrationlitigation.org

9   KAROLINA J. WALTERS*
    AMERICAN IMMIGRATION COUNCIL
10  1331 G Street NW, Suite 200
    Washington, DC 20005
11  Telephone: (202) 507-7512
    Facsimile:(202) 742-5619
12  Email: kwalters@immcouncil.org

13  ELISA MARIE DELLA-PIANA*
    BREE BERNWANGER*
14  LAWYERS' COMMITTEE FOR CIVIL RIGHTS
    OF THE SAN FRANCISCO BAY AREA
15  131 Steuart Street, Suite 400
    San Francisco, CA  94105
16  Telephone: (415) 543-9444
    Facsimile: (415) 543-0296
17  Email: edellapiana@LCCR.com
    Email: bbernwanger@LCCR.com
18
    CHRISTINE WEE (Bar No. 028535)
19  YVETTE BORJA (Bar No. 035470)
    ACLU FOUNDATION OF ARIZONA
20  3707 North 7th Street, Suite 235
    Phoenix, AZ  85014
21  Telephone: (602) 650-1854
    Facsimile: (602) 650-1376
22  Email: cwee@acluaz.org
    Email: yborja@acluaz.org
23
    Attorneys for Plaintiffs
24  * Admitted pursuant to Ariz. Sup. Ct. R. 38(a)

25

26

27

28

1

**TABLE OF CONTENTS**

2

**Page**

3   TABLE OF AUTHORITIES...................................................................................................ii

4   I.      INTRODUCTION ...................................................................................................... 1

5   II.     FACTUAL AND PROCEDURAL BACKGROUND ............................................... 1

6   III.    PLAINTIFFS' BILL OF COSTS WAS TIMELY. .................................................... 2

7   IV.     DEFENDANTS RELY ON INAPPLICABLE CASES ............................................. 6

8           A.      *Microsoft v. Baker* Involved a Different Statutory Definition of
                    "Final Judgment."............................................................................................. 6
9
            B.      *Bair v. California Dep't of Transportation* Is Not Authority for
10                  Defendants' Contention. .................................................................................. 8

11  V.      CONCLUSION ......................................................................................................... 10

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Al-Harbi v. INS*,
284 F.3d 1080 (9th Cir. 2002) ............................................................................... 3, 4

*Bair v. California Dep't of Transp.*,
685 F. App'x 546 (9th Cir. 2017) ........................................................ 8, 9, 10

*Gbotoe v. Jennings*,
No. 17-CV-06819 WHA, 2018 WL 5981951 (N.D. Cal. Nov. 14, 2018)............ 4, 5, 10

*Hoa Hong Van v. Barnhart*,
483 F.3d 600 (9th Cir. 2007) ....................................................................*passim*

*Langere v. Verizon Wireless Servs., LLC*,
983 F.3d 1115 (9th Cir. 2020) ................................................................... 7

*Li v. Keisler*,
505 F.3d 913 (9th Cir. 2007) ...................................................................*passim*

*Melkonyan v. Sullivan*,
501 U.S. 89 (1991).................................................................................. 6, 7, 8

*Microsoft Corp. v. Baker*,
137 S. Ct. 1702 (2017)............................................................................. 6, 7, 8

*Mons v. Astrue*,
No. CV-09-01687-PHX-NVW, 2011 WL 855648
(D. Ariz. Mar. 10, 2011) ...................................................................... 2

**Statutes**

28 U.S.C.
§ 1254............................................................................................. 8
§ 1254(1) ........................................................................................ 4
§ 1291............................................................................................. 6, 7, 8
§ 2101(c) ........................................................................................ 5
§ 2412..........................................................................................*passim*
§ 2412(d)(2)(G).............................................................................. 2, 6

**Other Authorities**

Fed. R. App. P. 32.1 ................................................................................ 9

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Fed. R. Civ. P. 54(d)(1) ................................................................................................ 1

L.R. Civ. 54.1 ...................................................................................................... 1, 2

9th Cir. R. 36-3 ............................................................................................................ 9

Sup. Ct. R.
    13 ........................................................................................................................... 5
    30.1 ....................................................................................................................... 6

Sup. Ct. Miscellaneous Order (March 19, 2020) ...................................................... 5

1   Plaintiffs move pursuant to 54(d)(1) of the Federal Rules of Civil Procedure for

2   review of the Clerk's Judgment on Taxation of Costs, dated May 28, 2021 (ECF No. 523).

3   On May 11, 2021, Plaintiffs submitted their bill of costs pursuant to L.R. Civ. 54.1

4   and the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, along with supporting

5   itemization and documentation as Exhibit A thereto.  (ECF No. 521.)  The Clerk's denial

6   stated:  "The Bill of Costs is determined to be untimely filed as it was not filed within 14

7   days of the Stipulated Dismissal and Mandate."  (ECF No. 523.)

8   ## I.   INTRODUCTION

9   The Clerk's denial was in error.  The deadline to file the Bill of Costs in this case is

10  governed by the Equal Access to Justice Act (EAJA).  Defendants do not dispute this.  In

11  the EAJA context, Ninth Circuit precedent is clear that "final judgment"—which starts the

12  14-day clock to file the Bill of Costs—has a particular meaning.  To be "final," the

13  judgment must be "not appealable."  And to be "not appealable," the parties' time to

14  petition for certiorari must have lapsed.  This rule applies even where, as here, the parties

15  stipulated to dismissal.

16  When the proper rule is used, the Ninth Circuit's order dismissing Plaintiffs' cross-

17  appeal will become non-appealable 150 days after it was entered: on June 28, 2021.  The

18  Bill of Costs is due 14 days after that.  Plaintiffs submitted their Bill of Costs on May 11,

19  which was well within the deadline.

20  ## II.   FACTUAL AND PROCEDURAL BACKGROUND

21  The Court issued its findings of fact and conclusions of law and corresponding

22  judgment in favor of Plaintiffs on February 19, 2020.  (ECF Nos. 482, 483.)  The Court

23  entered an order for permanent injunction on April 17, 2020.  (ECF No. 494.)

24  Defendants entered a notice of appeal of the Court's judgment on April 20, 2020

25  (ECF No. 495) and Plaintiffs entered a notice of cross-appeal on May 1, 2020 (ECF

26  No. 498).  Defendants entered a notice of appeal of the Court's order for permanent

27  injunction on June 15, 2020 (ECF No. 502) and Plaintiffs entered a notice of cross-appeal

28  on June 17, 2020 (ECF No. 504).

1    On November 18, 2020, the Court of Appeals for the Ninth Circuit granted the

2    parties' stipulated motion to dismiss Defendants' appeal.  (ECF No. 519.)  On January 27,

3    2021, the same court granted the parties' stipulated motion to dismiss Plaintiffs' cross-

4    appeal.  (ECF No. 520.)

5    Plaintiffs filed their Application and Bill of Costs on May 11, 2021.  (ECF No.

6    521.)  Defendants filed their Opposition to Plaintiffs' Application for and Bill of Costs on

7    May 25, 2021.  (ECF No. 522.)  The Opposition challenged only the timeliness of

8    Plaintiffs' submission, making no objection to the cost items submitted.  The Clerk issued

9    the Judgment on Taxation of Costs on May 28, 2021.  (ECF No. 523.)

10   **III.    PLAINTIFFS' BILL OF COSTS WAS TIMELY.**

11   Under Local Civil Rule 54.1, "A party entitled to costs shall, within fourteen (14)

12   days after the entry of final judgment, . . . file with the Clerk of Court and serve upon all

13   parties, a bill of costs on a form provided by the Clerk."  A decision of the District of

14   Arizona held that the date of "final judgment" in a case under EAJA should be determined

15   "[u]sing [the] same definition of 'final judgment' [from the EAJA statute] for purposes of

16   LRCiv. 54.1."  *Mons v. Astrue*, No. CV-09-01687-PHX-NVW, 2011 WL 855648, at *2

17   (D. Ariz. Mar. 10, 2011).

18   The definition from the EAJA statute states that "'final judgment' means a

19   judgment that is final *and not appealable*."  28 U.S.C. § 2412(d)(2)(G) (emphasis added).

20   Defendants acknowledge that the EAJA definition of "final judgment" governs this issue.

21   (Defs.' Opp'n to Pls.' Appl. for and Bill of Costs 1 ("The issue is whether a stipulated

22   dismissal with prejudice is an appealable order for requesting fees and costs under the

23   Equal Access to Justice Action (EAJA)."), ECF 522.)

24   In a series of cases deciding the timeliness of an application for attorneys' fees—

25   governed by the same EAJA definition of the date of the "final judgment"—the Ninth

26   Circuit adopted what Defendants label "a bright-line rule whereby the time for filing an

27   EAJA request runs from the expiration of the time for appeal."  (Defs.' Opp'n to Pls.'

28   Appl. for and Bill of Costs 5 n.3 (describing the D.C. Circuit's rule, which is the same as

the Ninth Circuit's rule[1]), ECF No. 522.)  In *Li v. Keisler*, 505 F.3d 913 (9th Cir. 2007),

the Ninth Circuit explained its rule as follows:

> The thirty-day deadline to file an application for attorney's fees under EAJA does not begin to run until after the ninety-day period during which a party may seek a writ of certiorari from the United States Supreme Court. *See* 28 U.S.C. § 2412(d)(1)(B); *Al-Harbi v. INS*, 284 F.3d 1080, 1082-84 (9th Cir. 2002). Further, we held in *Hoa Hong Van v. Barnhart*, 483 F.3d 600, 612 (9th Cir. 2007), that the applicable post-judgment appeal period applies for purposes of EAJA even if entry of the judgment was made pursuant to the government's request.

*Id.* at 916-17.

The Ninth Circuit adopted its bright-line rule carefully and deliberately.  *Al-Harbi* expressly recognized that the bright-line rule applied a different interpretation of "final judgment" under the EAJA definition than under the definition that ordinarily applies to appealability:

> The dispute in this case centers on when the 30 day filing period under the EAJA begins to run. Although "[t]raditionally, a 'final judgment' is one that is final and appealable," *Melkonyan v. Sullivan*, 501 U.S. 89, 95, 111 S.Ct. 2157, 115 L.Ed.2d 78, (1991) (citing Fed.R.Civ.P. 54(a) and *Sullivan v. Finkelstein*, 496 U.S. 617, 110 S. Ct. 2658, 110 L.Ed.2d 563 (1990)), Congress amended the EAJA in 1985 to define "final judgment" as "a judgment that is final and *not* appealable." 28 U.S.C. § 2412(d)(1)(C)(2)(G) (emphasis added).

*Al-Harbi v. INS,* 284 F.3d 1080, 1082-83 (9th Cir. 2002).

After considering the rule adopted in other circuits and "[t]he legislative history and our flexible approach to interpreting the filing requirements of the EAJA," the Ninth

---

[1] *Hoa Hong Van v. Barnhart*, 483 F.3d 600, 612 (9th Cir. 2007) ("Our conclusion is consistent with the approach followed by the D.C. Circuit in *Adams*. . . . [T]he D.C. Circuit adopted a 'bright-line rule' that simply entails 'looking at the category of order in question and the applicable law of appealability.' . . . Because, as discussed above, under the exceptions to the general rule, there is a potential for cases in the category of order— consent judgments—to be appealed during the 60-day appeal period, EAJA's 30-day filing period does not begin to run under the bright-line rule until that 60-day period 'lapse[s] or the appeal [is] completed.'" (citations omitted)).

1  Circuit ruled that the time for filing a petition for certiorari must pass before a judgment is

2  deemed "final" under EAJA.  *Id*. at 1083-84.

3       The Ninth Circuit followed and extended *Al-Harbi* in *Hoa Hong Van v. Barnhart*,

4  483 F.3d 600 (9th Cir. 2007).  It held that the EAJA definition of "final judgment" was

5  not satisfied until the time to appeal ran after the agency consented to the judgment

6  against it and paid the benefits that the petitioner sought.  *See Hoa Hong Van*, 483 F.3d at

7  612.  The Ninth Circuit deemed the Supreme Court to have decided in favor of "the more

8  liberal rule":

9       In *Melkonyan* [*v. Sullivan,* 501 U.S. 89 (1991)], the Supreme
       Court interpreted EAJA in the context of a Social Security
10      action, and explained that in 1985, when Congress reenacted
       § 2412(d)(1)(B), it adopted an "unusual" definition of "final
11      judgment" in order to resolve a circuit split between this court
       and the Seventh Circuit regarding whether the 30–day period in
12      § 2412(d)(1)(B) begins to run when a judgment is entered or
       only after the appeal period has run. 501 U.S. at 95–96, 111
13      S.Ct. 2157.

14      Congress opted for the latter approach, the more liberal rule that
       had been adopted by the Seventh Circuit.

15

16  483 F.3d at 605-06.  The Ninth Circuit noted the Supreme Court's reliance on the

17  legislative history of EAJA's 1985 amendments, including the following: "The term 'final

18  judgment' has been clarified to mean a judgment the time to appeal which has expired for

19  all parties."  *Id.* at 606 (quoting H.R. Rep. No. 98–992, at 14 (1984)).

20      A party may petition the Supreme Court for review of a judgment of a court of

21  appeals, *see* 28 U.S.C. § 1254(1), and the Ninth Circuit held in *Al-Harbi* and *Li* that the

22  period during which a party may petition the Supreme Court is part of the time to appeal.

23  *Al-Harbi*, 284 F.3d at 1085; *Li*, 505 F.3d at 916-17.  The Ninth Circuit held in *Hoa Hong*

24  *Van* that consent to the judgment does not shorten what would otherwise be the time to

25  appeal.  *See* 483 F.3d at 612.

26      A district court in this Circuit interpreted *Hoa Hong Van* as requiring that even

27  where, as here, the parties stipulated to dismissal, there is no "final judgment" under

28  EAJA until the time to petition for certiorari has lapsed.  *Gbotoe v. Jennings*, No. 17-CV-

06819 WHA, 2018 WL 5981951, at *2 (N.D. Cal. Nov. 14, 2018); *see also Li*, 505 F.3d at

917.  In such cases, the judgment remains appealable until after the period during which

either party may submit its petition.  *See Gbotoe*, 2018 WL 5981951, at *2; *Li*, 505 F.3d

916-17 ("Thus, we conclude that the thirty-day EAJA fee application period does not

begin to run until [after the expiration of time during which a party may seek a writ of

certiorari from the Supreme Court] after an order remanding an immigration matter to the

BIA, even if such an order is at the request of the government.").

The District Court in *Gbotoe* recognized that the Ninth Circuit's rule is liberal.

Indeed, he said:

> In the undersigned judge's view, allowing Gbotoe to benefit
> from the ninety-day post-judgment appeal period stretches the
> EAJA's timeliness requirement nearly to its breaking point.
> Once the government dismissed its own appeal, it would have
> been topsy-turvy to expect anyone in the case to petition for
> certiorari. Nevertheless, *Li* and *Hao Hong Van* are binding
> authority and, this order concludes, determinative in the instant
> case. Pursuant to those decisions, our court of appeal's June 6
> order granting the parties' requested dismissal did not became
> [sic] "final and not appealable" for purposes of the EAJA until
> September 4. Petitioner filed the instant application twenty-nine
> days later. The application must therefore be deemed timely.

*Gbotoe*, 2018 WL 5981951, at *2.

According to binding Ninth Circuit precedent, Plaintiffs' Bill of Costs was timely.

The order dismissing Plaintiff's cross-appeal becomes non-appealable on June 28, 2021,

based on the following time periods:  A party applying for a writ of certiorari to the

United States Supreme Court must do so within 150 days of entry of the judgment.  *See*

United States Supreme Court Miscellaneous Order (March 19, 2020) (extending normal

ninety-day petition period under 28 U.S.C § 2101(c) and Sup. Ct. R. 13 to 150 days for

any petition for a writ of certiorari due on or after March 19, 2020).[2]  The Ninth Circuit

entered its order granting the parties stipulated motion dismissing Plaintiffs' cross-appeal

---

[2] https://www.supremecourt.gov/orders/courtorders/031920zr_d1o3.pdf

1    on January 27, 2021.  This order therefore becomes non-appealable on June 28, 2021—the

2    first weekday at least 150 days later.  *See* Sup. Ct. R. 30.1.

3          Plaintiffs' bill of costs was therefore timely because it was submitted before the

4    date that will be fourteen days after the time to file a petition for certiorari expires and the

5    Ninth Circuit's order becomes "non-appealable" pursuant to the Ninth Circuit's

6    interpretation of 28 U.S.C. § 2412(d)(2)(G).

7    **IV.    DEFENDANTS RELY ON INAPPLICABLE CASES.**

8          **A.    *Microsoft v. Baker* Involved a Different Statutory Definition of
           "Final Judgment."**
9

10         Defendants' reliance on *Microsoft Corp. v. Baker*, 137 S. Ct. 1702 (2017), is wrong

11   because the Supreme Court in *Microsoft* did not analyze the meaning of "final judgment"

12   for purposes of filing a timely petition under the EAJA statute or address the appealability

13   of a stipulated dismissal in the Court of Appeals.  Both distinguishing elements are

14   essential to the proper analysis of the timeliness of Plaintiffs' Application and Bill of

15   Costs in the instant case.

16         In *Microsoft Corp. v. Baker*, the Supreme Court held that a voluntary dismissal

17   following the denial of a class certification motion does not create a final judgment

18   pursuant to Section 1291 of the Judicial Code.  Consistent with Section 1291's general

19   purpose of precluding piecemeal appeals, and the Ninth Circuit's prior decisions holding

20   that parties have no right to interlocutory review of an order denying class certification,

21   the Supreme Court held that parties cannot manufacture an appealable final judgment to

22   review such a class certification order by voluntary dismissing their claims.  *Microsoft*

23   says not a word about EAJA.

24         As the Ninth Circuit carefully considered in *Hoa Hong Van*, in EAJA, Congress

25   intentionally adopted a different definition of "final judgment" than the one that applies to

26   ordinary appeals under Section 1291.  *See Hoa Hong Van*, 483 F.3d at 605-06.  To reach

27   this conclusion, the Ninth Circuit relied on the Supreme Court's analysis in *Melkonyan v.*

28   *Sullivan*, 501 U.S. 89 (1991).  *Id.*  In *Melkonyan* the Supreme Court noted that Congress

had adopted an "unusual definition of 'final judgment'" "to resolve a conflict in the lower

courts on the question whether a 'judgment' was to be regarded as 'final' for EAJA

purposes when it was entered, or only when the period for taking an appeal had lapsed."

*Melkonyan*, 501 U.S. at 95-96.  Citing *Melkonyan*, the Ninth Circuit explained that

"Congress opted for the latter approach, the more liberal rule."  *Hoa Hong Van*, 483 F.3d

at 605-06.

   *Microsoft* says nothing about the meaning of "final judgment" as defined in EAJA;

and it certainly does not reject the understanding of that term as stated in *Melkonyan*:  "a

judgment the time to appeal which has expired for all parties."  *Melkonyan*, 501 U.S. at 96

(quoting H.R. Rep. No. 98–992, at 14 (1984)). Defendants cite a Ninth Circuit case,

*Langere v. Verizon Wireless Servs., LLC*, 983 F.3d 1115, 1117 (9th Cir. 2020), that

explains the three reasons why the Supreme Court adopted its rule that the voluntary

dismissal of a case after denial of class certification does not create appellate jurisdiction

under Section 1291.  None of the three reasons has any applicability to the question

whether a stipulated dismissal satisfies the different definition of a "final judgment" under

EAJA.[3]

---

[3] As the Ninth Circuit summarized the *Microsoft* rationale:

"First, the Court considered it of 'prime significance' that the plaintiffs' dismissal tactic would 'undercut[ ] Rule 23(f)'s discretionary regime.'" *Langere*, 983 F.3d at 1120.  This reason has to do only with class actions.

"The Court also was concerned that the voluntary-dismissal tactic 'invites protracted litigation and piecemeal appeals.'  It explained that the voluntary dismissal deprives appellate courts of the ability to decline an appeal and, therefore, allows the plaintiff to exclusively determine whether an immediate appeal will lie." *Id.* (citations omitted). There is no such consideration under the EAJA definition.

"The Court finally explained that the 'one-sidedness' of plaintiffs' voluntary-dismissal device demonstrated that treating the dismissal as a final judgment was inappropriate." *Id.*  The EAJA definition, to the contrary, requires the time to appeal to expire for all parties.  Again, the *Microsoft* rationale has no application in the EAJA context.

1    In any event, even if *Microsoft v. Baker* had some bearing on whether a stipulated

2    dismissal in a *district court* might be an EAJA "final judgment," it says nothing about

3    whether a stipulated dismissal in a Court of Appeals is "appealable" within the meaning of

4    EAJA.  Again, *Microsoft* turned on the interpretation of Section 1291 and the Court's

5    concern with interlocutory appeals of class-certification decisions.  Nothing like Section

6    1291's final judgment rule governs petitions for certiorari from the Courts of Appeals, and

7    there is no similar concern regarding piecemeal appeals.  Rather, as discussed above, the

8    Supreme Court's certiorari jurisdiction over the federal courts of appeal is governed by 28

9    U.S.C. § 1254, not Section 1291.  That statute broadly provides that the Court may grant

10   review "upon the petition of any party to any civil or criminal case, before or after

11   rendition of judgment or decree."  The statute does not preclude parties from seeking

12   certiorari from a Court of Appeals judgment to which they have consented, and such

13   petitions do not create anything like the risk of interlocutory appeals that attend voluntary

14   district-court dismissals.  The Supreme Court would very likely deny a cert petition from

15   a stipulated dismissal, but the Court of Appeals' judgment itself is nonetheless

16   "appealable" within the meaning of EAJA—as the Ninth Circuit has clearly held.  *See Li*

17   *v. Keisler*, 505 F.3d at 916-17.

18   In short, the assertion that *Microsoft* undercuts the Ninth Circuit's rule depends on

19   overlooking the differences between Section 1291 and both the EAJA definition of "final

20   judgment" and the separate statute governing the Supreme Court's certiorari jurisdiction.

21   Defendants misread *Microsoft* and the Ninth Circuit's cases interpreting EAJA, and they

22   overlook the Supreme Court's analysis in *Melkonyan* of EAJA's legislative history.

23   **B.   *Bair v. California Dep't of Transportation* Is Not Authority for**
     **Defendants' Contention.**

24

25   Defendants argue that this Court can rely on *Bair v. California Dep't of*

26   *Transportation*, 685 F. App'x 546, 547 (9th Cir. 2017), as authority for the proposition

27   that a district court's dismissal of the action pursuant to the parties' stipulation was a final,

28

1    non-appealable judgment under EAJA.  (Defs.' Opp'n to Pls.' Appl. for and Bill of Costs

2    4, ECF No. 522.)  That argument is wrong for several reasons.

3          First, the Ninth Circuit designated its decision in *Bair* as subject to Ninth Circuit

4    Rule 36-3, which provides:  "**Not Precedent.** Unpublished dispositions and orders of this

5    Court are not precedent, except when relevant under the doctrine of law of the case or

6    rules of claim preclusion or issue preclusion."[4]  Defendants do not argue, nor could they,

7    that law of the case, claim preclusion, or issue preclusion apply to this case based on *Bair*.

8    Under the Ninth Circuit's rule, therefore, *Bair* is not precedent.

9          Second, *Bair* is distinguishable.  The stipulation that disposed of the district court

10   proceeding in that case was that there had been "no final agency action subject to judicial

11   review."  685 Fed Appx. at 547 & n.4.  Moreover, the appellate decision observed:

12              In fact, Bair's date of filing would have been timely only if Bair
                prevailed on three debatable points: the EAJA applied to
13              Caltrans, which is not itself a United States entity (a proposition
                that had not been adopted by any court at that time); the
14              stipulated voluntary dismissal *on the basis of unripeness* did not
                result in a final judgment and was appealable; and Caltrans'
15              time to appeal (and Bair's) was controlled by Federal Rule of
                Appellate Procedure 4(a)(1)(B).
16

17   *Id.* at 548 (emphasis added).

18

19   ───────────────

20   [4]  While it is true that Ninth Circuit Rule 36-3 and Rule 32.1 of the Federal Rules of
     Appellate Procedure permit *Bair* to be *cited*, Rule 36-3 expressly provides that it is not
     precedent, and Rule 32.1 is not to the contrary.  The Rules Advisory Committee's note to
21   Rule 32.1 says:

22              Rule 32.1 is extremely limited. It does not require any court to
                issue an unpublished opinion or forbid any court from doing
23              so.  It does not dictate the circumstances under which a court
                may choose to designate an opinion as "unpublished" or
24              specify the procedure that a court must follow in making that
                determination.  It says nothing about what effect a court must
25              give to one of its unpublished opinions or to the unpublished
                opinions of another court. Rule 32.1 addresses only the
26              citation of federal judicial dispositions that have been
                designated as "unpublished" or "non-precedential"—whether
27              or not those dispositions have been published in some way or
                are precedential in some sense.
28

1    Third, the District Judge whose ruling was affirmed in *Bair* on March 27, 2017,

2  Judge William Alsup, also issued the *Gbotoe* decision, finding the EAJA application

3  timely, on November 14, 2018.  Judge Alsup expressed his personal disagreement with

4  ruling that Gbotoe's application was timely.  If he had understood *Bair*—an appeal from

5  his earlier decision—to be authority indicating that a stipulated dismissal is not governed

6  by the Ninth Circuit's rulings in *Li* and *Hoa Hong Van* that the time for appeal or a

7  certiorari petition must have expired before there is a "final judgment" under EAJA, he

8  would not have held as he did in *Gbotoe*.  This is a very strong basis for concluding that

9  *Bair* does not support Defendants' argument.

10  ## V.    CONCLUSION

11    For each of the foregoing reasons, the Court should determine that Plaintiffs' Bill

12  of Costs was timely, and that the Clerk's Judgment on Taxation of Costs was incorrect.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Dated: June 4, 2021                    Respectfully submitted,

2
                                            By:   /s/ Jack W. Londen
3                                                 Jack W. Londen

4                                           MORRISON & FOERSTER LLP
                                            Jack W. Londen (Bar No. 006053)
5                                           Colette Reiner Mayer*
                                            Pieter S. de Ganon*
6                                           John S. Douglass*

7                                           NATIONAL IMMIGRATION LAW CENTER
                                            Alvaro M. Huerta*
8
                                            AMERICAN IMMIGRATION COUNCIL
9                                           Karolina Walters*

10                                          NATIONAL IMMIGRATION LITIGATION
                                            ALLIANCE
11                                          Mary Kenney*

12                                          LAWYERS' COMMITTEE FOR CIVIL RIGHTS
                                            OF THE SAN FRANCISCO BAY AREA
13                                          Elisa Marie Della-Piana*
                                            Bree Bernwagner*
14
                                            ACLU FOUNDATION OF ARIZONA
15                                          Christine Wee (Bar No. 028535)
                                            Yvette Borja (Bar No. 035470)
16
                                            Attorneys for Plaintiffs
17
                                            *Admitted pursuant to Ariz. Sup. Ct. R. 38(a)
18

19

20

21

22

23

24

25

26

27

28

1

## CERTIFICATE OF SERVICE

2

I hereby certify that on June 4, 2021, I caused a PDF version of the foregoing

3
document to be electronically transmitted to the Clerk of the Court, using the CM/ECF
System for filing and for transmittal of a Notice of Electronic Filing to all CM/ECF

4
registrants and non-registered parties.

5
- **PLAINTIFFS' MOTION TO REVIEW THE CLERK'S JUDGMENT ON TAXATION OF COSTS**

6
- **[PROPOSED] ORDER VACATING THE CLERK'S JUDGMENT ON TAXATION OF COSTS**

7

8

9

10
| Jack W. Londen | */s/ Jack W. Londen* |
|---|---|
| (typed) | (signature) |

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28