BRIAN M. BOYNTON
Acting Assistant Attorney General
WILLIAM C. PEACHEY
Director
Office of Immigration Litigation,
District Court Section
SARAH B. FABIAN
CHRISTINA PARASCANDOLA
Senior Litigation Counsel
KATELYN MASETTA-ALVAREZ
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 514-0120
Fax: (202) 305-7000
katelyn.masetta.alvarez@usdoj.gov

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jane Doe #1; *et al.*,<br><br>　　　Plaintiffs,<br><br>　　v.<br><br>Chad Wolf, Acting Secretary, United States Department of Homeland Security, *et al.*,[1]<br><br>　　　Defendants. | Case No. 15-cv-250-TUC-DCB<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO REVIEW THE CLERK'S JUDGMENT ON TAXATION OF COSTS**<br><br>Date:　June 21, 2021<br><br>Hon. David C. Bury |

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Defendants request that the Court substitute Alejandro Mayorkas, Secretary of the Department of Homeland Security, for former Acting Secretary Chad Wolf.

The Clerk's decision denying Plaintiffs' Motion for Costs as untimely was correct. First, Plaintiffs' motion under the Equal Access to Justice Act (EAJA) is untimely because the parties' stipulated dismissal of Plaintiffs' cross-appeal was a "final judgment" under EAJA, and Plaintiffs had 30 days after such judgment to move for costs and fees pursuant to EAJA. The stipulated dismissal was not adversarial, and therefore did not create a case or controversy over which the Supreme Court could exercise jurisdiction to review. As such, the Court should deny Plaintiffs' application for costs as untimely. Second, and in any event, although Plaintiffs state that they file their motion pursuant to EAJA, they have not complied with the statutory requirements for seeking fees under EAJA. Thus, even assuming that Plaintiffs' submission was timely, Plaintiffs still have not demonstrated that they merit EAJA fees.

## I.    RELEVANT FACTS AND PROCEDURAL HISTORY

On February 19, 2020, the Court entered judgment in favor of Plaintiffs in the instant case. ECF No. 483. Subsequently, on April 17, 2020, the Court issued a permanent injunction. The government filed protective notices of appeal from the judgment and permanent-injunction order while awaiting an appeal determination from the Solicitor General. ECF Nos. 495, 502. Plaintiffs also filed cross notices of appeal from both orders. ECF Nos. 498, 504.

On November 10, 2020, the parties filed a stipulated dismissal of the government's protective notices of appeal under Federal Rule of Appellate Procedure 42(b), which the Ninth Circuit granted on November 18, 2020. *See Doe v. Wolf*, No. 20-15741 (9th Cir.), Dkt. Nos. 26, 27. On January 26, 2021, the parties likewise filed a stipulated dismissal of Plaintiffs-Appellees' cross appeal with prejudice, which the Ninth Circuit granted on January 27, 2021. *See Doe v. Wolf*, No. 20-15850 (9th Cir.), Dkt. No. 25; ECF No. 520.

Nearly four months later, Plaintiffs filed an application and bill of costs pursuant to Local Rule 54.1 and EAJA, 28 U.S.C. § 2412. ECF No. 521 at 1. Defendants opposed

Plaintiffs' application because it was untimely. *See generally* ECF No. 522. On May 28, 2021, the Clerk denied Plaintiffs' application because it was not filed within 14 days of the Stipulated Dismissal and Mandate. ECF No. 523.

## II. LAW AND ARGUMENT

**a. Plaintiffs' request is untimely because they did not file within 30 days after the Ninth Circuit granted the Parties' stipulated dismissal.**

Plaintiffs' argument that the judgment has not yet become final because the parties could petition for a writ of certiorari after a stipulated dismissal of Plaintiffs' cross-appeal lacks support. To be clear, the Ninth Circuit has not determined that the 90-day period for petitioning for writ of certiorari extends the EAJA filing deadline when the party seeking fees has voluntarily dismissed its own appeal. Further, recent Supreme Court precedent suggests that a stipulated dismissal is not appealable, and Plaintiffs have not provided any persuasive argument as to why or under what conditions stipulated dismissals should be appealable.

### i. *This Court should resolve any doubt as to when the 30-day period begins in favor of the Government.*

The EAJA requirement for filing a timely fee application is a condition on the United States' waiver of sovereign immunity. *See Ardestani v. INS*, 502 U.S. 129, 137 (1991). As such, courts must strictly construe the scope of the waiver in favor of the United States. *United States v. Nordic Village, Inc.*, 503 U.S. 30, 34 (1992) (stating that a waiver of sovereign immunity "must be construed strictly in favor of the sovereign" and "not enlarge[d]…beyond what the language requires.") (internal quotation marks omitted). The same narrow construction applies to the 30-day period in which a party may apply for fees and costs under EAJA. *Arulampalam v. Gonzales*, 399 F.3d 1087, 1089 (9th Cir. 2005) ("[T]he thirty day limitation period under the EAJA for submitting fee applications . . . should be narrowly construed, as it is a waiver of sovereign

immunity.""). Thus, to the extent any doubt exists as to whether the 30-day period for filing has elapsed, the Court should resolve it in favor of the United States.

> ii. *The Ninth Circuit's dismissal of Plaintiffs' cross-appeal was a final, non-appealable judgment triggering the 30-day-filing period because the Supreme Court could not exercise jurisdiction to review such a dismissal.*

Under EAJA, a "final judgment" is a judgment that is "not appealable." 28 U.S.C. § 2412(d)(2)(G). Thus, once the period for appeal elapses, a prevailing party has 30 days to seek costs and fees under EAJA. When an order is not appealable, however, the 30-day clock begins ticking immediately. A final judgment entered pursuant to a party's voluntary motion does not create appellate jurisdiction because the dismissal was not adverse and, thus, no case or controversy exists. *Druhan v. Am. Mut. Life*, 166 F.3d 1324, 1326 (11th Cir. 1999) (holding that the required adverseness between the parties was lacking because the final judgment "was entered in response to the plaintiff's motion for a dismissal with prejudice; she is now attempting to appeal the judgment that she requested."); *GTE Sylvania, Inc. v. Consumers Union of the United States, Inc.,* 445 U.S. 375, 382–83 (1980) ("[T]here is no Art. III case or controversy when the parties desire 'precisely the same result.'") (citations omitted). The same is true for stipulated dismissals: a party "may not appeal a voluntary dismissal [with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)] because it is not an involuntary adverse judgment against him." *Seidman v. City of Beverley Hills*, 785 F.2d 1447, 1448 (9th Cir. 1986) (holding that the plaintiff-appellant "deprived this or any other court of jurisdiction over this action by stipulating to a voluntary dismissal with prejudice."). Applying this basic constitutional principle, other circuits have held that when a party voluntarily dismisses its own appeal, the appellate court's order dismissing the case triggers the 30-day filing period for EAJA since the case is no longer appealable. *See Pierce v. Barnhart*, 440 F.3d 657, 662 (5th Cir. 2006); *Keasler v. United States,* 766 F.2d 1227, 1230-31 (8th Cir. 1985).

1       Here, the Supreme Court could not have reviewed the Ninth Circuit decision
2 without defying Article III of the Constitution. Because the dismissal of Plaintiffs' cross-
3 appeal was not adverse to either party, no case or controversy existed that would permit
4 the Supreme Court to review the Ninth Circuit's decision. *GTE Sylvania,* 445 U.S. at
5 382–83; *Seidman*, 785 F.2d at 1448. As such, the dismissal was not appealable and was
6 therefore "final" under the EAJA statute as of January 27, 2021, the date that the Ninth
7 Circuit entered the order. Plaintiffs had 30 days from the dismissal to file a motion for
8 EAJA fees, but they failed to do so within that timeframe. Accordingly, their request for
9 fees under EAJA is untimely.

10       It does not appear that the Ninth Circuit has squarely addressed whether the EAJA
11 clock begins ticking immediately after a stipulated dismissal of an appeal. Nonetheless,
12 the Ninth Circuit recently ruled that a district court's dismissal of an action pursuant to
13 the parties' stipulation was a final, non-appealable judgment. *Bair v. California Dep't of*
14 *Transportation*, 685 F. App'x 546, 547 (9th Cir. 2017) (concluding that the district court
15 did not abuse its discretion by denying attorneys' fees on the basis that it had dismissed
16 the action upon stipulation of the parties and without prejudice). The Ninth Circuit's
17 reasoning that a stipulated judgment is non-appealable is especially persuasive given the
18 Supreme Court's decision in *Baker*, 137 S. Ct. 1702. In *Baker*, the Supreme Court held
19 that federal courts of appeal lack appellate jurisdiction to review an order denying class
20 certification when the named plaintiffs have voluntarily dismissed their claims with
21 prejudice. *Id.* at 1704. Consequently, the Ninth Circuit has extended *Baker*'s reasoning
22 outside of the class-certification context. *See Langere v. Verizon Wireless Servs., LLC*,
23 983 F.3d 1115, 1117 (9th Cir. 2020) (holding that, in light of *Baker*, "a plaintiff does not
24 create appellate jurisdiction by voluntarily dismissing his claims with prejudice after
25 being forced to arbitrate them."). Thus, after *Baker*, a voluntary dismissal with prejudice
26 likely is not an appealable order for the purpose of EAJA. At the very least, considering
27

that Plaintiffs seek to waive sovereign immunity by seeking compensation under EAJA, *Baker* should apply here. *See Arulampalam*, 399 F.3d at 1089.

> *iii. Plaintiffs' attempts to diminish and distinguish* Bair *and* Baker *are unavailing.*

Plaintiffs appear to argue that because *Bair* is an unpublished decision, this Court should disregard it. ECF No. 524 at 8–9. While *Bair* is not binding precedent, unpublished Ninth Circuit decisions have "persuasive value and indicate how the Ninth Circuit applies binding authority." *Loi v. Scribner*, 671 F. Supp. 2d 1189, 1202 n.10 (S.D. Cal. 2009); *see also Roberts v. Acting Comm'r of Soc. Sec. Admin.*, 298 F. Supp. 3d 1232, 1239 n.5 (D. Ariz. 2017) (citing to an unpublished Ninth Circuit decision as persuasive authority). Thus, *Bair* is persuasive and indicates how the Ninth Circuit may apply *Baker* in the EAJA context.

Defying their own argument that this Court should not follow a Ninth Circuit unpublished decision, Plaintiffs rely on an unpublished district-court decision to support their argument that *Bair* is inapplicable. ECF No. 524 at 15 (citing *Gbotoe v. Jennings*, No. C 17-06819 WHA, 2018 WL 5981951, at *2 (N.D. Cal. Nov. 14, 2018) (unpublished)). An unpublished, district-court decision outside of the District of Arizona has much less—if any—persuasive value when compared to the Ninth Circuit's holding in *Bair*. However, to the extent this Court finds *Gbotoe* applicable to this case, *Gbotoe* noted that the Ninth Circuit has **not** directly addressed the issue of timeliness when a party voluntarily dismisses its own appeal, and expressed doubt that a party could petition for certiorari when it voluntarily dismisses its appeal. *Gbotoe*, 2018 WL 5981951, at *2 ("Our court of appeals has not had occasion to apply the above principles where, as here, the government has voluntarily dismissed its appeal."); *id.* ("Once the government dismissed its own appeal, it would have been topsy-turvy to expect anyone in the case to petition for certiorari."). Accordingly, given the little persuasive value that *Gbotoe* has in comparison to *Bair*, as well as the doubt that the *Gbotoe* court expressed as to whether a voluntary dismissal is appealable, this Court should decline to follow it.

5

Plaintiffs also argue that *Baker* is distinguishable because it is specific to voluntary dismissals in the class-certification context. ECF No. 524 at 6. Although Plaintiffs are correct that *Baker* did not specifically address final judgments under EAJA, the heart of *Baker* is that "plaintiffs cannot generate a final appealable order by *voluntarily* dismissing their claim." *Lamps Plus, Inc. v. Varela*, 139 S. Ct. 1407, 1414 n.2 (2019) (emphasis in original) (citing *Baker*, 137 S. Ct. at 1702). This concept is not new. The Supreme Court has consistently recognized that "finality is to be given a practical rather than a technical construction." *Baker*, 137 S. Ct. at 1712 (quoting *Eisen v. Carlisle and Jacquelin*, 417 U.S. 156, 171 (1974)). Giving a practical rather than a technical construction to the "final judgment" language in the EAJA statute, a judgment is not appealable when no case or controversy exists. Accordingly, as explained in Section II(a)(ii), *supra.*, because a dismissal pursuant to the parties' stipulation is not adversarial, the Supreme Court would lack jurisdiction to review such a dismissal.

Plaintiffs also attempt to distinguish *Baker* and *Bair* because they are based upon dismissals in the district court rather than in the Court of Appeals. The distinction is immaterial. Plaintiffs cite to no cases in which the Supreme Court has granted certiorari after a stipulated dismissal of appeal—or even a case discussing whether the Court would permit such a writ. Defendants likewise have been unable to locate such authority or dicta. Perhaps the reason is that, as a practical matter, a party cannot create a case or controversy before the Supreme Court (or any other federal court) when the order they seek to review is not adversarial. *GTE Sylvania,* 445 U.S. at 382–83. Despite Plaintiffs' wild theories that a party "could" file a writ of certiorari after stipulating to dismissal, such a writ would be unconstitutional. Because finality should be given a practical construction, Plaintiffs' technical approach is inappropriate. *Baker*, 137 S. Ct. at 1712.

    iv. *The cases upon which Plaintiffs reply to support their proposition are either inapplicable or pre-date* Baker.

1  Plaintiffs' reliance on *Melkonyan* is futile. ECF No. 524 at 6–7 (citing *Melkonyan v. Sullivan*, 501 U.S. 89, 95 (1991)). In *Melkonyan*, the Supreme Court held that a final, non-appealable judgment under EAJA was one rendered by a court rather than a decision by an administrative agency. *Melkonyan*, 501 U.S. at 95. The *Melkonyan* Court's finding that Congress intended that a judgment be final once the period for appeal lapsed makes no difference here, because, as explained *supra*, the Ninth Circuit's order granting the parties' stipulated dismissal was not an appealable order. After the Ninth Circuit granted the parties' stipulated dismissal, no case or controversy between the parties existed over which the Supreme Court could have exercised jurisdiction. Indeed, the *Melkonyan* Court reiterated that a "final judgment for purposes of [EAJA] means a judgment rendered by a court that terminates the civil action for which EAJA fees may be received." *Id.* at 96. Thus, the *Melkonyan* holding actually supports Defendants' position because the parties' stipulated dismissal terminated the civil action and constituted a "final judgment."

Plaintiffs also cite to three Ninth Circuit cases to support their argument that the EAJA application period begins after the government's opportunity to petition for writ of certiorari elapses when the parties stipulate to appeal. *See* ECF No. 524 at 3 (citing *Li v. Keisler*, 505 F.3d 913, 916–17 (9th Cir. 2007); *Hoa Hong Van v. Barnhart*, 483 F.3d 600 (9th Cir. 2007); and *Al-Harbi v. INS*, 284 F.3d 1080 (9th Cir. 2002)). However, the Ninth Circuit decided these three cases more than ten years before the Supreme Court issued *Baker*, which reversed the Ninth Circuit's standard for appeal after a voluntary dismissal. *Baker*, 137 S. Ct. at 1704. Further, all three of these cases are distinguishable from the present case because none of them involved a stipulated dismissal of an appeal. *See Li*, 505 F.3d at 916-17 (order remanding an immigration matter to an agency upon government's request); *Al-Harbi*, 284 F.3d at 1082 (order granting the petitioner's petition for review); *Hoa Hong Van*, 483 F.3d at 603 (government consented to entry of judgment following the Social Security claimant's success on a sentence-six remand).

Thus, because *Baker* has cast doubt on whether a voluntary dismissal of an appeal would be appealable, and given that the Ninth Circuit has not firmly decided this issue post-*Baker*, the Court should resolve any doubt about timeliness in the government's favor. *Nordic Village*, 503 U.S. at 34.

    **b. Even if their submission was timely, Plaintiffs are not entitled to fees because they did not make the requisite statutory showings when they requested costs under EAJA.**

Local Rule 54.1 authorizes the Clerk to tax costs "as provided in Rule 54(d), Federal Rules of Civil Procedure." L.R. 54.1(a). Federal Rule of Civil Procedure 54(d) permits costs against the United States "only to the extent allowed by law." Fed. R. Civ. P. 54(d)(1). The EAJA statute allows a court to award costs against the United States in certain circumstances, but the award is discretionary. 28 U.S.C. § 2412(a)(1) (providing that costs "*may* be awarded to the prevailing party") (emphasis added). Thus, Plaintiffs here are not entitled to costs under L.R. 54.1 and Fed. R. Civ. P. 54(d) unless they demonstrate that they are entitled to favorable discretion under EAJA. They have failed to do so.

To be eligible for fees or costs under EAJA, the party seeking the award "shall" submit an application "which shows that the party is a prevailing party and is eligible to receive an award," and "allege that the position of the United States was not substantially justified." 28 U.S.C. § 2412(d)(1)(B). Plaintiffs, however, have not put forth any argument that they are the prevailing party or that the Government's position was not substantially justified—as required under the EAJA statute—and therefore have failed to meet the basic EAJA statutory requirements. Nor have Plaintiffs even pled eligibility for

costs and fees[2] under EAJA. Because Plaintiffs have failed to make these requisite showings, they do not qualify for costs under EAJA.[3] *Fail v. USA*, No. 12-CV-01761-MSK-CBS, 2014 WL 12741065, at *1 (D. Colo. July 21, 2014) ("Plaintiffs' cursory motion makes no attempt whatsoever to even allege that the Government's position was not substantially justified, much less carry the Plaintiff's burden of identifying the attorney fees they request and show that they are reasonable."). Accordingly, even if timely, the clerk properly denied Plaintiffs' costs request pursuant to EAJA.[4]

### III.  CONCLUSION

Under the implicit holding in *Baker* that a stipulated dismissal is generally not appealable, Plaintiffs cannot use their stipulated dismissal to sidestep the EAJA filing

---

[2] To be eligible for costs and fees under EAJA, the party seeking fees must "show" that they are "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed…" 28 U.S.C. § 2412(d)(2)(B)(i).

[3] In *Scarborough v. Principi*, 541 U.S. 401 (2004), the Supreme Court held that a plaintiff's "fee application could be amended, after the 30-day filing period, to include the 'not substantially justified' allegation" that EAJA requires. *Scarborough*, 541 U.S. at 418. *Scarborough,* however, does not apply to amendments to cure deficiencies in the prevailing-party and eligibility *showings* required under Section 2412(d)(1)(B). The holding in *Scarborough* rests on the distinction in Section 2412(d)(1)(B) between elements that must be *show*n and those that must be *alleged* in a fee petition. The Court included a lengthy discussion of the purpose of requiring a claimant to allege a lack of substantial justification, *see id.* at 416-17 (describing this as a "think twice" provision that "does not serve an essential notice-giving function"), and specifically reserved the "question whether a fee application may be amended after the 30-day filing period to cure an initial failure to make the 'show[ings]' set forth in the first sentence of § 2412(d)(1)(B)." *Id.* at 420 n.7.

[4] The Clerk did not specify the reason for finding Plaintiffs' application untimely. However, Plaintiffs' application was untimely under EAJA and under the Local Rules. If the Clerk found that EAJA applied, Plaintiffs' application was untimely because the 30-day period for applying for costs began on January 27, 2021, the date that the Ninth Circuit dismissed the appeal. If the Clerk found that EAJA did not apply because Plaintiffs did not make the requisite statutory showings, then the Clerk properly applied the strict 14-day period for applying for costs under the Local Rules.

9

deadline. Indeed, no case or controversy existed between the parties that would have authorized the Supreme Court to review the Ninth Circuit's order granting the stipulation; thus, the dismissal of Plaintiffs' cross-appeal was a final judgment triggering the 30-day EAJA deadline. And in any event, Plaintiffs have failed to show any statutory eligibility to EAJA fees. Defendants therefore request that the Court deny Plaintiffs' application for costs.

DATED: June 21, 2021

By: /s/ Katelyn Masetta-Alvarez

BRIAN M. BOYNTON
Acting Assistant Attorney General
WILLIAM C. PEACHEY
Director
Office of Immigration Litigation,
District Court Section
SARAH B. FABIAN
CHRISTINA PARASCANDOLA
Senior Litigation Counsel
KATELYN MASETTA-ALVAREZ
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 514-0120
Fax: (202) 305-7000
katelyn.masetta.alvarez@usdoj.gov

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of June 2021, I electronically filed the instant Opposition to Plaintiffs' Motion to Review the Clerk's Judgment on Taxation of Costs using the CM/ECF System for filing and for transmittal of a Notice of Electronic Filing to all CM/ECF registrants and non-registered parties.

Respectfully submitted,

/s/ Katelyn Masetta-Alvarez
Katelyn Masetta-Alvarez
Trial Attorney