BRIAN BOYNTON
Principal Deputy Assistant Attorney General
WILLIAM C. PEACHEY
Director, Office of Immigration Litigation, District Court Section
WILLIAM C. SILVIS
Assistant Director
SARAH B. FABIAN
CHRISTINA PARASCANDOLA
Senior Litigation Counsel
FIZZA BATOOL
KATELYN MASETTA-ALVAREZ
Trial Attorneys
Office of Immigration Litigation
Civil Division, United States Department of Justice
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 514-3097
christina.parascandola@usdoj.gov

Attorneys for Defendants

JACK W. LONDEN
JOHN S. DOUGLASS*
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
(415) 268-7000
Facsimile: (415) 268-7522
JLonden@mofo.com

MAX S. WOLSON*
NATIONAL IMMIGRATION LAW CENTER
P.O. Box 34573
Washington D.C. 20043
(202) 216-0261
Facsimile: (202) 216-0266
wolson@nilc.org

Attorneys for Plaintiffs
Additional counsel listed on next page.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Jane Doe #1, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>Alejandro Mayorkas, Secretary of Homeland Security, *et al.*,<br><br>    Defendants. | Case No. 4:15-cv-00250-DCB<br><br>**JOINT MOTION RE: ATTORNEYS' FEES AND COSTS SEEKING (a) PRELIMINARY SETTLEMENT APPROVAL AND APPROVAL OF NOTICE TO THE CLASS; AND (b) FINAL APPROVAL OF THE AWARD OF ATTORNEYS' FEES AND COSTS** |

MARY KENNEY*
NATIONAL IMMIGRATION LITIGATION ALLIANCE
10 Griggs Terrace
Brookline, MA 02446
(617) 819-4681
mary@immigrationlitigation.org

KAROLINA J. WALTERS*
AMERICAN IMMIGRATION COUNCIL
1331 G Street NW, Suite 200
Washington, DC 20005
(202) 507-7512
Facsimile:(202) 742-5619
KWalters@immcouncil.org

ELISA MARIE DELLA-PIANA*
BREE BERNWANGER*
LAWYERS' COMMITTEE FOR CIVIL RIGHTS
OF THE SAN FRANCISCO BAY AREA
131 Steuart Street, Suite 400
San Francisco, CA 94105
(415) 543-9444
Facsimile: (415) 543-0296
edellapiana@lccrsf.org
bbernwanger@lccrsf.org

CHRISTINE K. WEE (Bar No. 028535)
ACLU FOUNDATION OF ARIZONA
3707 North 7th Street, Suite 235
Phoenix, AZ 85014
(602) 650-1854
Facsimile: (602) 650-1376
cwee@acluaz.org
Attorneys for Plaintiffs

*Admitted pursuant to Ariz. Sup. Ct. R. 39

This action has been litigated and tried, and Plaintiffs prevailed. The Parties have agreed upon an amount that Defendant U.S. Customs and Border Protection ("CBP") will pay Plaintiffs' counsel's attorney fees and other expenses. In exchange, Plaintiffs and Plaintiffs' counsel will release Defendants from any and all claims for attorneys' fees, expenses, and taxable costs that have been incurred in connection with this action. This includes and is not limited to fees and non-taxable expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"), and taxable costs pursuant to L.R. Civ. 54.1 and EAJA. *See* Settlement Agreement and Release as to Attorneys' Fees, Expenses, and Taxable Costs ("Settlement Agreement").

The Parties jointly file this motion pursuant to Rule 23(h) of the Federal Rules of Civil Procedure. The Parties jointly request that the Court:

1. Enter their proposed "Order Granting Preliminary Approval of the Parties' Settlement Re: Attorneys' Fees And Costs; and Approval of Notice to the Class" ("Preliminary Approval Order");

2. Issue an order, after time for objections has passed, deciding whether to conduct a hearing on final approval; permitting the Parties' counsel to submit additional papers responding to any objections; and permitting the Parties' counsel to submit proposed Findings of Fact and Conclusions of Law, along with a proposed final order of approval; and

3. After considering all submissions, issue findings of fact, conclusions of law, and enter an order granting final approval of the Settlement Agreement as to Plaintiffs' counsels' attorneys' fees and costs.

This motion is supported by this memorandum, the parties' Stipulation, and the declaration of Jack W. London.

## BACKGROUND

### I.  Summary of the Proceedings

In June 2015, three plaintiffs Jane Doe #1, Jane Doe #2, and Norlan Flores ("Named Plaintiffs"), all of whom had been in CBP custody at a Tucson Sector Border Patrol station,

filed this complaint, alleging that Tucson Sector deprived them of warmth, hygiene, sanitary conditions, medical screening, and adequate food and water, without due process under the Fifth Amendment, and that CBP unlawfully withheld agency action by not complying with its own guidance. (Complaint for Declaratory and Injunctive Relief, ECF No.1.) Plaintiffs were represented by attorneys at Morrison & Foerster and four nonprofit organizations: the National Immigration Law Center ("NILC"), the American Immigration Council ("AIC"), the American Civil Liberties Union of Arizona ("ACLUAZ"), and the Lawyers' Committee for Civil Rights of the San Francisco Bay Area ("LCCRSF") and attorneys and paralegals at each of these organizations worked on the case (collectively, "Plaintiffs' counsel").

In January 2016, the Court certified a class, defined, after a subsequent amendment, as "[a]ll individuals who are now or in the future will be detained at a CBP facility within the Border Patrol's Tucson Sector." (Order, ECF No. 117; Order Amending Class Definition, ECF No. 173.) In certifying the class, the Court observed that "[c]ollectively, counsel has successfully litigated a number of class action cases regarding the rights of immigrants and conditions of confinement," and that Defendants did not challenge the adequacy of representation. (ECF No. 117 at 16.) The Court found that Plaintiffs were represented by qualified and competent counsel. (*Id.*)

In January 2020, the Court held a seven-day trial. (Minute Entries, ECF Nos. 451-53, 456-60, 481; Transcripts, ECF Nos. 467-79.)

On February 19, 2020, the Court entered judgment in favor of Plaintiffs. (Judgment in a Civil Case, ECF No. 483.)

On April 17, 2020, after nearly five years of litigation, the Court issued a permanent-injunction order, applicable to Plaintiffs and enforceable against Defendants. (Order for Permanent Injunction, ECF No. 494.) The relief that the Court ordered was entirely injunctive. (*Id.*) It did not order (nor had Plaintiffs sought) any payment of fees, expenses, or costs, or any other monetary relief. (*Id.*)

On May 11, 2021, Plaintiffs submitted an Application and Bill of Costs pursuant to

Local Rule 54.1 and EAJA (ECF No. 521), which Defendants opposed as untimely (ECF No. 522). The clerk denied the application as untimely. (ECF No. 523.) Plaintiffs moved the district court to review the Clerk's decision (ECF No. 524; *see also* ECF No. 526), and Defendants have opposed on timeliness grounds (ECF No. 525). That motion remains pending.

Under the retainer agreements ("Retainers") signed with Named Plaintiffs, Plaintiffs' counsel are authorized (1) to seek fees and/or costs in connection with this action, (2) to keep the full amount recovered, (3) and to negotiate with the government for such fees and/or costs. Plaintiffs represent that their claim for attorneys' fees, litigation costs, and other expenses has been assigned to their counsel, and Defendants accept the assignment and waive any applicable provisions of the Anti-Assignment Act, 31 U.S.C. § 3727. Plaintiffs have not yet moved for attorneys' fees and non-taxable expenses pursuant to EAJA, but, in the absence of a settlement, have expressed their intent to do so.

The Parties subsequently conferred multiple times in arm's-length settlement negotiations, regarding an award of attorneys' fees, expenses and taxable costs under EAJA and L. R. Civ. 54.1. On June 15, 2021, Plaintiffs' counsel sent Defendants a request for attorneys' fees and expenses. For the attorneys'-fees portion, each organization representing Plaintiffs provided a breakdown showing for each day, the number of hours that each of its Attorneys spent on the case, a narrative description of the tasks done during each time entry, and the attorneys' requested hourly rates for purpose of settlement. On September 7, all of the organizations representing Plaintiffs, except ACLUAZ, provided Defendants the information in Excel format. On October 18, each organization representing Plaintiffs provided a description of its expenses. On October 25, Defendants sent Plaintiffs a counter-offer, proposing to reduce the amount that Plaintiffs requested to account for litigation risk, excessive hourly rates for some attorneys, overstaffing, work on unsuccessful tasks, and block billing.

On October 26, 2021, the Parties jointly participated in a Settlement Conference

before the Honorable Eric J. Markovich, Magistrate Judge for the District of Arizona. Following the Parties' negotiations, which took the entire day, the Parties arrived at a compromise under which CBP agreed to pay Plaintiffs' counsel $3,832,052 in full and complete satisfaction of any claims by Plaintiffs or Plaintiffs' counsel for costs, attorneys' fees, and litigation expenses, including any interest, that were incurred in connection with the Litigation. The Parties agreed that, in exchange for payment of the sum, Plaintiffs and Plaintiffs' counsel will release Defendants from any and all claims for attorneys' fees for work that has been performed or payment or reimbursement of expenses or costs that have been incurred in connection with this Litigation, pending final approval by the government agencies. Defendants have obtained the necessary approval for the settlement.

## II. Summary of the Settlement Terms

After the Settlement Conference with Judge Markovich, the Parties negotiated the attached Settlement Agreement and Release as to Attorneys' Fees, Expenses, and Taxable Costs. The primary terms of the Settlement Agreement are as follows.

**CBP Defendants' consideration.** CBP agrees to pay Plaintiffs $3,832,052. This amount will provide full and complete satisfaction of any claims by Plaintiffs or Plaintiffs' counsel for attorneys' fees for work that has been performed or payment or reimbursement of expenses or costs that have been incurred in connection with this Litigation. The payment will be made by electronic funds transfer in accordance with instructions provided to Defendants' counsel by one of the undersigned attorneys for Plaintiffs, and under the normal processing procedures followed by the Department of the Treasury.

**Waiver and release.** In exchange for and effective upon receipt of payment of $3,832,052, Plaintiffs and Plaintiffs' counsel will release Defendants from any and all claims by Plaintiffs and Plaintiffs' counsel for attorneys' fees for work that has been performed or payment or reimbursement of expenses or costs that have been incurred in connection with this Litigation. In addition, Plaintiffs agree to withdraw as moot their Motion to Review Clerk's Judgment on Taxation of Costs, ECF No. 524, within three (3) business days of approval of this Agreement.

### III.  The Class

As of today, the class likely contains more than a half million members, and it will continue to grow as more individuals are detained within Tucson Sector. The Parties provide the following argument and factual basis in order to allow the Court to preliminarily approve the settlement.

### ARGUMENT

As discussed more fully below, this settlement meets or exceeds the thresholds for preliminary and final approval of a class action settlement of attorney's fees and expenses under Rule 23(h). Further, approval of this settlement would serve justice and preserve the Court's and Parties' resources. If approved, the settlement would provide the five organizations that represented Plaintiffs — and release Defendants from any and all claims for — compensation for attorneys' fees, expenses and taxable costs that Plaintiffs incurred in connection with this litigation. This would obviate the need for Plaintiffs to bring motion practice under Rule 54(d)(2) and EAJA. The Parties negotiated this settlement, and each one was represented by experienced counsel.

### I.  THE COURT SHOULD GRANT PRELIMINARY APPROVAL.

"In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h).

This is such a case. Plaintiffs' fees are authorized under EAJA and the amount has been settled by the Parties' agreement. Moreover, and in general, the Ninth Circuit favors settlements in class actions. *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992); *Howard v. Web.com Grp. Inc.*, No. CV-19-00513-PHX-DJH, 2020 WL 3827730, at *4 (D. Ariz. July 8, 2020) (observing same). Rule 23 provides that attorney fees and expenses may be awarded in a certified class action where so authorized by law or the parties' agreement, but courts have an independent obligation to ensure the award, like settlement itself, is reasonable, even if parties have already agreed to an amount. *Briseño v. Henderson*, 998 F.3d 1014, 1022 (9th Cir. 2021) (citations omitted).

As the Court previously certified a class in this litigation, it considers only whether the proposed settlement is likely to be approved. *Loreto v. Gen. Dynamics Info. Tech., Inc.*, No. 319CV01366GPCMSB, 2021 WL 3141208, at *3 (S.D. Cal. July 26, 2021). At its discretion, a court "***may*** hold a hearing." Fed. R. Civ. P. 23(h)(3) (emphasis added).

**Fees are authorized by law and by the parties' agreement.** An experienced Magistrate Judge facilitated the settlement, following the exchange of sufficient information to allow the Parties to settle on an amount that would compensate Plaintiffs for their attorneys' fees and expenses. (*See* Londen Decl.; *id.*, Exhibit A; Stipulation). The proposed Settlement Agreement is a product of extensive and informed negotiations conducted at arm's length, by experienced counsel, and, thus, weighs in favor of approval.

**Terms of proposed award of attorney's fees.** Under the terms of the Settlement Agreement, the Parties have agreed that Defendant CBP will pay the agreed-upon amount of $3,832,052 to Morrison & Foerster, which will distribute the funds to themselves and the four other organizations that represented Plaintiffs in this litigation, as provided for by their co-counsel agreement ("Co-Counsel Agreement"). Plaintiffs' counsel litigated this action entirely pro bono and received no compensation or other remuneration from Named Plaintiffs or any other Class Member. The Parties' method of determining the fee award, moreover, is reasonable and appropriate under the circumstances of this case. Fees can be calculated by either the lodestar or percentage-of-recovery method in class actions that result in benefits to the entire class. *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011) ("*Bluetooth*"). "The 'lodestar method' is appropriate in class actions brought under fee-shifting statutes . . . where the relief sought—and obtained—is often primarily injunctive in nature and thus not easily monetized." *K.H. v. Sec'y of Dep't of Homeland Sec.*, No. 15-CV-02740-JST, 2018 WL 6606248, at *5 (N.D. Cal. Dec. 17, 2018) (quoting *Bluetooth*., 654 F.3d at 941 (citations omitted)). That is the situation here, because the relief that the Court ordered was entirely injunctive, and the Parties agreed to settle on attorney fees under a fee-shifting statute. The lodestar figure is calculated by "multiplying the number of hours the prevailing party reasonably expended on the

litigation" (as supported by adequate documentation) "by a reasonable hourly rate" for the region and for the experience of the lawyer. *Staton*, 327 F.3d at 965 (citation omitted). Though the lodestar figure is "presumptively reasonable," *Cunningham v. Cnty. of Los Angeles*, 879 F.2d 481, 488 (9th Cir. 1988), the court may adjust it upward or downward by an appropriate positive or negative multiplier reflecting a host of "reasonableness" factors, "including the quality of representation, the benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of nonpayment," *Hanlon v. Chrysler Corp.*, 150 F.3d 1101, 1029 (9th Cir. 1998) (citing *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975)).

Again, that is the situation here, where the Parties, facilitated by an experienced Magistrate Judge, negotiated and agreed upon an amount based on agreed-upon downward adjustments to the hourly billing records provided by the five organizations that represented Plaintiffs. Such adjustments are equitable and squarely within the Court's discretion, *see Hensley v. Eckerhart*, 461 U.S. 424 (1983), and based on the level of success that the Plaintiffs achieved, *id.* at 434-36; *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (ultimate "reasonableness of the fee is determined primarily by reference to the level of success achieved by the plaintiff").

**Costs, risks, and delay of trial and appeal.** Considering that the Court has ruled for Plaintiffs on the merits and ordered injunctive relief, (ECF Nos. 483, 494), this settlement concerns only the Defendants federal government agencies' liability for attorney fees and expenses and taxable costs. Under EAJA, a court shall award attorney fees and costs to a prevailing party in any civil action brought by or against the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Under Fed. R. Civ. P. 23(h), the Court may award, in a certified class action, reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement. The award claim must be made by motion under Rule 54(d)(2), subject to the provisions of Rule 23(h) at a time the court sets. Fed. R. Civ. P. 23(h)(1). In this Court, Plaintiffs also would be

required to satisfy the requirements in the Local Rules specifying the support that the claimant must provide. *See* Local Rule 54.2(c) (setting forth the contents of a memorandum in support of a motion for award of attorney fees and nontaxable expenses).

The Court's approval of the proposed Settlement Agreement would obviate the need for the Parties to litigate a claim by Plaintiffs' counsel for attorney fees, expenses, and taxable costs. The Parties have agreed that it would be preferable to settle such claims. By committing to the terms in the Settlement Agreement submitted herewith, Plaintiffs' counsel eliminate litigation risk and gain certainty over whether and how much they will be compensated. Defendants eliminate their litigation risk and gain certainty over whether and how much they must pay, after the Court has resolved the merits of the case. Litigation of a claim for attorney fees, expenses, and taxable costs would be time consuming and costly, for the Court and the Parties, and provide no further relief to class members above and beyond that ordered by the Court in April 2020. (ECF No. 494.) Litigation likely would delay resolution of this matter for at least one year and, if appealed, even longer.

**EAJA's Legislative Purpose.** EAJA's attorney fee provision was designed to ensure that individuals and groups with far fewer resources than the federal government could obtain counsel willing to invest the time and effort to litigate lawsuits against the government. *Meinhold v. U. S. Dep't of Def.*, 123 F.3d 1275, 1280 n.3 (9th Cir. 1997), *amended on other grounds*, 131 F.3d 842 (9th Cir. 1997). As stated in EAJA's legislative history, EAJA was enacted to eliminate the possibility that citizens "may be deterred from seeking review of, or defending against unreasonable governmental action because of the expense involved in securing the vindication of their rights." H.R. Rep. No. 96-1418, at 5 (1980), *reprinted in* 1980 U.S.C.C.A.N. 4984; *see also Meinhold*, 123 F.3d at 1280 n.3 ("The purpose of the bill is to reduce the deterrents [to contesting governmental action] and disparity [of resources between individuals and their government] by entitling certain prevailing parties to recover an award of attorney fees . . . .").

Here, the Retainers authorize Plaintiffs' counsel (1) to seek fees and/or costs in connection with this action, (2) to keep the full amount recovered, (3) and to negotiate with

the government for such fees and/or costs. As such, settlement here effectuates the reasoned judgment of the Named Plaintiffs who initiated this Litigation. Allowing counsel to seek fees and/or costs on their behalf and negotiate with the Defendants to do so allowed them (and later, the certified class) to be represented by counsel, from both within and beyond Arizona, with the necessary expertise, capacity, and willingness to take on a case of this magnitude and complexity. The settlement also effectuates the stated purposes of EAJA, by providing for the successful vindication of rights.

## II. THE PROPOSED NOTICE IS REASONABLE UNDER THE CIRCUMSTANCES.

The Parties propose that CBP will post a notice in the form submitted as Exhibit B in English and in Spanish in each of the stations in Tucson sector. In addition, the notice will be posted digitally on the website of the ACLU of Arizona, local counsel in this case, on the page dedicated to this litigation.

Rule 23(h) provides for reasonable notice to the class members. In deciding what is reasonable, a first consideration is that the EAJA rights being resolved belong to the Named Plaintiffs, who retained pro bono counsel, not the absent class members. At the beginning of the case, the Named Plaintiffs agreed that the proceeds of any recovery of attorneys' fees and costs would belong to the attorneys.

Second, the United States government has determined that the attorneys' fees and costs at issue here should be paid.

Third, there is no possibility here that the attorneys' fees and costs that the government agrees to pay have prejudiced or come at any expense or detriment to the class members or their interests. The case involves only injunctive relief. (ECF No. 494.) This joint motion and agreed-upon Settlement Agreement is the result of negotiations that began more than one year after the Court ruled for Plaintiffs on the merits and ordered the permanent injunctive relief. The parties reached agreement in October 2021, more than eighteen months after the Court issued the permanent injunction order (ECF No. 494). Given that the parties are not settling this action on the merits—because the Court already

ruled on the merits—and the lapse in time between the Court's judgment and the Parties' agreement on an attorney fee award, the risk of collusion between class counsel and Defendants inherent in settlements where class counsel may have an incentive to "tacitly reduc[e] the overall settlement in return for a higher attorney's fee," *Knisley v. Network Assoc.*, 312 F.3d 1123, 1125 (9th Cir. 2002), is nonexistent. That is, the incentive to conspire with the defendant to reduce compensation, or another form of relief, for class members in exchange for a larger fee, *Briseño*, 998 F.3d at 1025, evaporates after the court has ruled for plaintiffs and orders relief.

While an argument can be made that no valid basis exists for an objection by a class member, and Plaintiffs' and Defendants' counsel reserve the right to object to the standing of any objector, the literal language of Rule 23(h) contemplates that there may be objections. The Parties submit that a 14-day period for submitting objections is reasonable. The main concern with notice, here, should be to minimize the risk of causing confusion among class members. The Parties therefore request a statement in the notice informing readers that the money for attorneys' fees and costs did not come from a source that could have been used for any other purpose in this case. This is included in the Parties' proposed form of class notice, Exhibit B hereto.

**III. THE COURT SHOULD GRANT FINAL APPROVAL WITHOUT FURTHER PROCEEDINGS, ABSENT OBJECTION; SHOULD ALLOW THE PARTIES TO RESPOND TO ANY OBJECTION; AND SHOULD PERMIT THE SUBMISSION OF FINDINGS OF FACT AND CONCLUSIONS OF LAW.**

The Parties suggest that, in the absence of objections, the Court can grant final approval without further proceedings. Rule 23(h)(3) provides that the Court "may hold a hearing and must find the facts and state its legal conclusions under Rule 52(a)." The parties are submitting with this motion evidence, attached as their stipulation to agreed facts, the Londen Declaration, and Exhibit A to the Londen Declaration, of the reasonableness of the attorneys' fees and costs to be paid. The Parties request that they may be permitted to submit proposed Findings of Fact and Conclusions of Law and a

proposed order of final approval within fourteen (14) days after the expiration of time for objections, so that the document can reflect the full procedural history, including whether there were objections and, if so, their grounds and the Parties' responses.

If there is an objection from a class member, the Parties request that the Court decide whether a hearing is required, and permit the Parties to submit papers responding to the objection. If a hearing is set, notice by mail to each individual objector's stated address stating the date and time would be reasonable.

## CONCLUSION

This case was hard-fought at every stage. The fact that Plaintiffs' counsel and Defendants have reached agreement on the attorneys' fees and costs to be paid is a notable achievement that both sides request the Court to approve.

| | | |
|---|---|---|
| 1 | DATED: February 16, 2022 | Respectfully submitted, |
| 2 | | BRIAN BOYNTON |
| 3 | | Principal Deputy Assistant Attorney General |
| | | Civil Division |
| 4 | | WILLIAM C. PEACHEY |
| 5 | | Director |
| | | WILLIAM C. SILVIS |
| 6 | | Assistant Director |
| 7 | | SARAH B. FABIAN |
| | | Senior Litigation Counsel |
| 8 | | FIZZA BATOOL |
| | | KATELYN MASETTA-ALVAREZ |
| 9 | | Trial Attorneys |

/s/     *Christina Parascandola*
CHRISTINA PARASCANDOLA
Senior Litigation Counsel
District Court Section
Office of Immigration Litigation
Civil Division, U.S. Department of Justice
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 514-3097
(202) 305-7000 (facsimile)
christina.parascandola@usdoj.gov

*Attorneys for Defendants*

/s/    *Jack W. Londen*
(with permission, pursuant to electronic mail message on February 16, 2022)
JACK W. LONDEN

MORRISON & FOERSTER LLP
Jack W. Londen (Bar No. 006053)
John S. Douglass*
NATIONAL IMMIGRATION LAW CENTER
Max S. Wolson*
NATIONAL IMMIGRATION LITIGATION ALLIANCE
Mary Kenney*
AMERICAN IMMIGRATION COUNCIL
Karolina Walters*
LAWYERS' COMMITTEE FOR CIVIL RIGHTS
OF THE SAN FRANCISCO BAY AREA
Elisa Marie Della-Piana*
Bree Bernwanger*
ACLU FOUNDATION OF ARIZONA
Christine K. Wee (Bar No. 028535)

*Admitted pursuant to Ariz. Sup. Ct. R. 39*

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.  I certify that all participants are CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated:  February 16, 2022             Respectfully submitted.

/s/     *Christina Parascandola*
CHRISTINA PARASCANDOLA