No. 4:15-cv-250-DCB (D. Ariz.)

SETTLEMENT AGREEMENT AND RELEASE AS TO
ATTORNEYS' FEES, EXPENSES, AND TAXABLE COSTS

This Agreement relates to Civil Case No. 4:15-cv-250-DCB (D. Ariz.) ("the Litigation") by Jane Doe #1, Jane Doe #2, and Norlan Flores, on behalf themselves and the class of all individuals who are now or in the future will be detained in a CBP facility within the Border Patrol's Tucson Sector (collectively "Plaintiffs"), against Defendants Alejandro Mayorkas, Secretary, U.S. Department of Homeland Security; Chris Magnus, Commissioner, U.S. Customs and Border Protection; Raul L. Ortiz, Chief, U.S. Border Patrol; and John Modlin, Chief Patrol Agent – Tucson Sector in their official capacities ("Defendants").[1] Plaintiffs and Defendants ("the Parties") hereby AGREE, through their respective attorneys, subject to the approval of the Court pursuant to Rule 23(h) of the Federal Rules of Civil Procedure, that the settled claims for fees, expenses, and taxable costs incurred in connection with the Litigation, shall be compromised, settled, forever released, barred, and dismissed with prejudice, upon and subject to the below terms and conditions.

1. **Defendants' consideration.** Within sixty days of final approval of the Settlement Agreement and Release as to Attorneys' Fees, Expenses, and Taxable Costs ("Settlement Agreement") by the Court, U.S. Customs and Border Protection shall pay $3,832,052.00 in full and complete satisfaction of any claims by Plaintiffs and their attorneys for costs, attorneys' fees, and litigation expenses, including any interest,

---

[1] The individuals originally named as Defendants were public officers being sued in their official capacity who have ceased to hold office during the pendency of the Litigation. Their successors are named here.  See Fed. R. Civ. P. 25(d).

No. 4:15-cv-250-DCB (D. Ariz.)

incurred in connection with the Litigation.  The payment will be made by electronic funds transfer in accordance with instructions provided to Defendants' counsel by one of the undersigned attorneys for Plaintiffs, and under the normal processing procedures followed by the Department of the Treasury.

      2.    **Waiver and Release.**  In exchange for and effective upon receipt of payment of the amount agreed upon in Paragraph 1, Plaintiffs and Plaintiffs' attorneys shall release Defendants from any and all claims by Plaintiffs and Plaintiffs' attorneys for or arising from attorneys' fees for work that has been performed or payment or reimbursement of expenses or costs that have been incurred in connection with this Litigation, including but not limited to fees and non-taxable expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"), and taxable costs pursuant to L.R. Civ. 54.1 and EAJA.  This release encompasses claims under EAJA, including claims in Plaintiffs' Application and Bill of Costs (ECF No. 521), and any other basis for seeking payment of fees and expenses that have been incurred in the Litigation.  Plaintiffs shall withdraw as moot their Motion to Review the Clerk's Judgment on Taxation of Costs (ECF No. 524), within three (3) business days of approval of this Agreement.

      3.    **No Admission of Fact or Liability.**  The Parties further agree that neither this Settlement Agreement nor Defendants' payment of the amount agreed upon in Paragraph 1 shall constitute an admission by Plaintiffs, Plaintiffs' attorneys, or Defendants: (a) as to any fact, including the hourly rates, upon which Plaintiffs' Counsel have based any statements for fees and costs that they have submitted to Defendants, (b) as to any point of law, including but not limited to those concerning Plaintiffs'

No. 4:15-cv-250-DCB (D. Ariz.)

Application and Bill of Costs (ECF No. 521), (c) as to Plaintiffs' entitlement to attorneys' fees and other litigation costs and expenses, or (d) of any fact, wrongdoing, misconduct, or liability on the part of the United States, its officers, or any person affiliated with it. Except as set forth in this Agreement, the Parties retain all rights, claims, and defenses they may otherwise have, including to enforce the Order for Permanent Injunction under this Court's jurisdiction (*see* Order For: Permanent Inj. 6, ECF No. 494).

4. **Integration**. This Agreement is the entire agreement between the Parties as it pertains to the subject matter described in Paragraph 2. All prior conversations, meetings, discussions, drafts and writings of any kind are superseded by this Agreement.

5. **Rules of Construction.** The Parties agree that their respective attorneys jointly drafted this Agreement. Accordingly, the Parties hereby agree that any and all rules of construction to the effect that ambiguity is construed against the drafting party shall be inapplicable in any dispute concerning the terms, meaning, or interpretation of this Agreement.

6. **Knowing and Voluntary Agreement.** The Parties acknowledge that they have read this Agreement and enter into it knowingly and voluntarily, of their own free act and deed. The Parties acknowledge that they have evaluated the claims and contentions regarding fees, expenses, and costs, as well as the risks of continued litigation. The Parties, after taking into account the risk, delay, and the costs of further litigation, are satisfied that the terms and conditions of this Agreement are fair, reasonable, adequate, and equitable.

No. 4:15-cv-250-DCB (D. Ariz.)

7.      **Final Approval.**  This Agreement shall be subject to the Final Approval of the Court.  The Parties shall cooperate in presenting this Agreement to the Court for Final Approval and at any hearing it determines necessary under Fed. R. Civ. P. 23(h).  If the Court grants Final Approval, the Parties stipulate that this Agreement shall not be construed as a consent decree or its equivalent.  If the Court does not grant Final Approval, this Agreement shall be null and void and of no force and effect, and nothing herein shall prejudice the position of any Party with respect to the Litigation or otherwise, and neither the existence of this Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be admissible in evidence, referred to for any purpose in the Action or in any other litigation or proceeding, or construed as an admission, presumption, or concession by any Defendant any liability.

8.      **Meet and Confer Requirement.**  If any of the Parties intend to enforce this Agreement by filing a claim, the Party seeking enforcement shall meet and confer in good faith with the other Party before filing a claim or action in any court.  The Party seeking to enforce this Agreement shall provide the other party at least 30 days after the meet and confer to remedy the alleged breach before seeking any type of court intervention.

9.      **Antideficiency Act.**  The Parties understand that Defendants may not authorize any payment before an appropriation is made by Congress pursuant to 31 U.S.C. § 1341(a)(1).  If sufficient appropriations are not available or if a lapse in appropriations occurs before Defendants fulfill their obligation set forth in Paragraph 1, this entire Agreement will be null and void, and Plaintiffs may file a motion for

No. 4:15-cv-250-DCB (D. Ariz.)

attorneys' fees and expenses in the district court. Any deadlines to file for such fees will be tolled from July 21, 2021 until the date that Plaintiffs are informed in writing of the insufficient appropriations.

10. **Offsets.** Nothing in this Agreement waives or modifies federal, state, or local law pertaining to taxes, offsets, levies, and liens that may apply to this Agreement or the settlement proceeds, and Plaintiffs are executing this Agreement without reliance on any representation by Defendants as to the application of any such law.

11. **Execution of Agreement.** The undersigned representatives of the Parties certify that they are fully authorized by the Party they represent to enter into and execute the terms and conditions of this Agreement. This Agreement becomes effective on the date as of which all Parties have executed this Agreement. Facsimiles and PDF versions of signatures are acceptable, binding signatures for purposes of this Agreement, have the same force and effect as original signatures, and are equally admissible in any proceeding to enforce this Agreement as though an original.

12. **Approval Procedure.** This Agreement is subject to and contingent upon Court approval under Rule 23(h) of the Federal Rules of Civil Procedure. As soon as practicable after the execution of this Agreement, the Parties shall file a Joint Motion, for an order: (a) granting preliminary approval of this Agreement; (b) approving the form of notice ("Notice"), substantially in the form attached here as Exhibit B; (c) deciding whether to conduct a hearing; and (d) permitting the Parties to submit additional papers responding to objections, if any, and to submit proposed Findings of Fact and Conclusions of Law, along with a proposed Final Approval Order. *See* Fed. R. Civ. P.

No. 4:15-cv-250-DCB (D. Ariz.)

23(h)(1)-(3).  The Parties shall file, with the Joint Motion, a Proposed Order Granting Preliminary Approval ("Preliminary Approval Order), substantially in the form of Exhibit A, attached hereto.  If the Court rejects this Agreement, in whole or in part, or otherwise finds that the Agreement is not fair and reasonable, the Parties agree to meet and confer to work to resolve the concerns articulated by the Court and modify the Agreement accordingly.  As soon as practicable after approval of the Preliminary Approval Order, the Parties shall each effectuate Notice in English and Spanish — the Defendants by placing a copy in of the Notice in each of the Tucson Sector Stations and the Plaintiffs by making a copy of the Notice available on Plaintiffs' counsel's website: https://www.acluaz.org/en/cases/doe-v-wolf/.

13. **Hearing.**  At the Hearing for the Final Approval of the settlement pursuant to Federal Rule of Civil Procedure 23(h)(3), if held by the Court, the Parties will jointly request that the Court approve the settlement.

14. **Final Approval Order**.  At the Hearing, if held by the Court, the Parties shall jointly move for entry of a Final Approval Order granting final approval of this Agreement; overruling any objections to the Agreement; ordering that the terms be effectuated as set forth in this Agreement; and giving effect to the releases as set forth in Paragraph 2. In accordance with the Court's Preliminary Approval Order, the parties may submit proposed Findings of Fact and Conclusions of Law.

15. **Confidentiality**.  No part of this Agreement is or will be considered confidential by the Parties.

SO AGREED:

No. 4:15-cv-250-DCB (D. Ariz.)

PLAINTIFFS' ATTORNEYS

Dated: February   16   , 2022

JACK W. LONDEN
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522
Email: JLonden@mofo.com

Dated: February   16   , 2022

LISA GRAYBILL
NATIONAL IMMIGRATION LAW CENTER
3450 Wilshire Boulevard #108-62
Los Angeles, CA 90010
Telephone: (213) 639-3900
Facsimile: (213) 639-3911
Email: graybill@nilc.org

Dated: February        , 2022

KATHERINE MELLOY GOETTEL
AMERICAN IMMIGRATION COUNCIL
1331 G Street NW, Suite 200
Washington, DC 20005
Telephone: (202) 507-7512
Facsimile: (202) 742-5619
KGoettel@immcouncil.org

Dated: February        , 2022

ELISA DELLA-PIANA
BREE BERNWANGER
LAWYERS' COMMITTEE FOR CIVIL RIGHTS OF THE SAN FRANCISCO BAY AREA

No. 4:15-cv-250-DCB (D. Ariz.)

PLAINTIFFS' ATTORNEYS

Dated: February 16, 2022

JACK W. LONDEN
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522
Email: JLonden@mofo.com

Dated: February    , 2022

LISA GRAYBILL
NATIONAL IMMIGRATION LAW CENTER
3450 Wilshire Boulevard #108-62
Los Angeles, CA 90010
Telephone: (213) 639-3900
Facsimile: (213) 639-3911
Email: graybill@nilc.org

Dated: February 16, 2022

KATHERINE MELLOY GOETTEL
AMERICAN IMMIGRATION COUNCIL
1331 G Street NW, Suite 200
Washington, DC 20005
Telephone: (202) 507-7512
Facsimile: (202) 742-5619
KGoettel@immcouncil.org

Dated: February 16, 2022

ELISA DELLA-PIANA
BREE BERNWANGER
LAWYERS' COMMITTEE FOR CIVIL RIGHTS OF THE SAN FRANCISCO BAY AREA

No. 4:15-cv-250-DCB (D. Ariz.)

        131 Steuart Street, Suite 400
        San Francisco, CA 94105
        Telephone: (415) 543-9444
        Facsimile: (415) 543-0296
        bbernwanger@lccrsf.org

Dated: February 16, 2022

*/s/ Victoria Lopez*
VICTORIA LOPEZ
ACLU FOUNDATION OF ARIZONA
3707 North 7th Street, Suite 235
Phoenix, AZ 85014
Telephone: (602) 650-1854
Facsimile: (602) 650-1376
vlopez@acluaz.org

FOR DEFENDANTS

WILLIAM C. PEACHEY
  Director
WILLIAM C. SILVIS
  Assistant Director
MICHAEL A. CELONE
SARAH B. FABIAN
  Senior Litigation Counsel
FIZZA BATOOL
KATELYN MASETTA-ALVAREZ
  Trial Attorneys

Dated: February 16, 2022

*/s/ Christina Parascandola*
CHRISTINA PARASCANDOLA
Senior Litigation Counsel
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
(202) 514-3097
christina.parascandola@usdoj.gov