# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jane Doe #1, et al., | Case No. 15-cv-250-TUC-DCB |
| Plaintiffs, | **FINDINGS OF FACT AND CONCLUSIONS OF LAW** |
| v. | **CLASS ACTION** |
| Alejandro Mayorkas, Secretary of Homeland Security, et al., | Date: March 31, 2022 |
| Defendants. | Hon. David C. Bury |

## BACKGROUND

On February 16, 2022, the Parties jointly made an application, pursuant to Rule 23(h) of the Federal Rules of Civil Procedure, for an order preliminarily approving the parties' Settlement Agreement and Release as to Attorneys' Fees, Expenses, and Taxable Costs ("Settlement Agreement").

On March 31, 2022, after having posted notice of the Settlement Agreement for 14 days, the parties jointly filed with the Court a notice that no objections to the Settlement Agreement have been filed.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Having read and considered the Settlement Agreement (Doc. 544-1), the Joint Motion (Doc. 544), and the parties' stipulated facts and Plaintiffs' declaration, including the records of fees and expenses (Docs. 544-4, 544-5), the Court now finds that the Settlement Agreement is fair and reasonable and approves it, and hereby makes the following special Findings of Fact and Conclusions of Law pursuant to the Federal Rules of Civil Procedure, Rule 23(h) and 52(a) which constitutes the decision of the Court herein:

### A. Findings of Facts

Having read and reviewed the parties' stipulated facts, as well as Plaintiffs' declaration and exhibit, the Court hereby adopts the stipulated facts as its own, to the extent indicated below.  To the extent these Findings of Fact are also deemed to be Conclusions of Law, they are hereby incorporated into the Conclusions of Law that follow.

1.      In June 2015, Jane Doe #1, Jane Doe #2, and Norlan Flores, who had been in CBP custody at a Tucson Sector Border Patrol station, filed this complaint, alleging that Tucson Sector deprived them of warmth, hygiene, sanitary conditions, medical screening, and adequate food and water, without due process under the Fifth Amendment, and that CBP unlawfully withheld agency action by not complying with its own guidance.  (Doc. 1.)  They sought declaratory and injunctive relief.  (*Id*.)

2.      Over the next five years, the parties litigated this case, which included extensive discovery and multiple motions filed with the Court.

3.      In January 2016, the Court certified a class, defined, after a subsequent amendment, as "[a]ll individuals who are now or in the future will be detained at a [U.S. Customs and Border Protection ("CBP")] facility within the Border Patrol's Tucson Sector."  (Doc. 117, Doc. 173.)

4.      From January 13 to 22, 2020, the Court held a seven-day bench trial.  (Minute Entries, Docs. 451-53, 456-60, 481; Transcripts, Docs. 467-79.)  Plaintiffs presented five witnesses, including three witnesses and two class members, and video evidence.  The government presented ten witnesses, including one expert and nine CBP agents and employees.

5.      On February 19, 2020, the Court issued its judgment and its findings of fact and conclusions of law, in favor of Plaintiffs.  (Docs. 482, 483.)

6.      On April 17, 2020, after briefing from the parties (*see* Docs. 484-85, 489, and 493), the Court issued a permanent injunction order, in which it ordered CBP to take

certain actions with regard to conditions of confinement at Tucson Sector stations. (Doc. 494.)

7.      Throughout this litigation, Plaintiffs were represented by attorneys affiliated with five organizations:  (1) the law firm of Morrison & Foerster LLP; (2) National Immigration Law Center ("NILC"), in Los Angeles, California; (3) American Immigration Council ("AIC"), in Washington, D.C; (4) American Civil Liberties Union of Arizona ("ACLUAZ"), in Phoenix, Arizona; and (5) Lawyers Committee for Civil Rights of the San Francisco Bay Area ("LCCRSF"), in San Francisco, California.

8.      Plaintiffs' counsel litigated this case without asking or receiving compensation or reimbursement of expenses from Named Plaintiffs or any other Class Member.

9.      On May 11, 2021, Plaintiffs filed an Application and Bill of Costs pursuant to Local Rule 54.1 and the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). (Doc. 521.)  Defendants opposed the application as untimely.  (Doc. 522.)  On May 28, 2021, the clerk denied the application as untimely.  (Doc. 523.)  On June 4, 2021, Plaintiffs moved the district court to review the Clerk's decision (Doc. 524; *see also* Doc. 526), and, on June 21, 2021, Defendants filed an opposition (Doc. 525).  That motion remains pending.

10.     Plaintiffs' attorneys have expressed their intent to move for attorneys' fees and non-taxable expenses pursuant to EAJA, but before doing so sought to reach a settlement of those claims with Defendants.

11.     On June 15, 2021, Plaintiffs' attorneys sent Defendants a request for $4,865,306 in fees and expenses, under EAJA ($4,188,338 for fees, $676,968 for expenses), from the five organizations that represent the class.  Plaintiffs' attorneys stated the amounts of fees and expenses that each organization requested, and provided files from the five organizations with the names of the attorneys and paralegals who worked

on the case, each timekeeper's hourly rate, the dates on which they performed the work, the number of hours they spent, and brief descriptions of the work.

12.     On August 19, 2021, counsel for the parties met and conferred.  Defendants requested additional information to justify an award and that each organization representing Plaintiffs' attorneys provide their billing information in Excel spreadsheet format.

13.     On September 3, 2021, the parties jointly requested that the Court refer this case to a settlement judge.  (Doc. 532.)

14.     On September 7, 2021, Plaintiffs' counsel sent Defendants' counsel a revised proposed request for fees and expenses.  On September 9, they provided a written narrative providing the basis for Plaintiffs' attorneys' request for fees, by litigation milestone, and explanations regarding reductions in the amount of the request.  Plaintiffs' attorneys also provided, from four of the five organizations, their hourly attorney fee information in Excel spreadsheet format.

15.     A summary table of the requested fees and expenses provided to Defendants' counsel is shown below:

| Firm/Organization | Fees | Expenses | Total |
|---|---|---|---|
| Morrison & Foerster | $  2,460,244.35 | $   587,252.82 | $  3,047,497.17 |
| American Civil Liberties Union of Arizona | $      388,683.70 | $      11,124.96 | $      399,808.66 |
| American Immigration Council | $      396,332.40 | $      12,224.11 | $      408,556.51 |
| Lawyers' Committee for Civil Rights of the San Francisco Bay Area | $      359,365.00 | $      14,637.59 | $      374,002.59 |
| National Immigration Law Center | $      529,788.50 | $      36,550.05 | $      566,338.55 |
| Subtotals | $  4,134,413.95 | $   661,789.53 | $  4,796,203.48 |

16.     On September 13, 2021, the Court referred the matter to Honorable Eric J. Markovich, Magistrate Judge for the District of Arizona, for a settlement conference to attempt resolution of attorney fees and costs.  (Doc. 533.)

17.     On October 18, 2021, Plaintiffs' counsel provided narrative descriptions of expenses to accompany the narrative descriptions of fees, previously provided on September 9, along with additional details regarding non-taxable expenses.

18.     On October 25, 2021, Defendants' counsel sent Plaintiffs' attorneys a counter-offer, proposing to settle for a payment of $3,109,277.60.  Defendants proposed specific reductions based on their assertions of: Plaintiffs' attorneys' litigation risk; the enhanced hourly rates that the attorneys from NILC, AIC, ACLU-AZ, and LCCRSF requested; excessive staffing of tasks; excessive time spent on tasks; time spent on tasks on which Plaintiffs did not prevail; block billing; and excessive costs.

19.     On October 26, 2021, the Parties jointly participated in a Settlement Conference before Judge Markovich, which lasted the entire day.  Under his supervision,

the Parties reached an agreement under which CBP agreed to pay Plaintiffs' counsel $3,832,052.00 in full and complete satisfaction of any claims by Plaintiffs or Plaintiffs' counsel for costs, attorneys' fees, and litigation expenses, including any interest, that were incurred in connection with the litigation.

20.     Following the Settlement Conference, the Parties memorialized this agreement in the accompanying Settlement Agreement and Release as to Attorneys' Fees, Expenses, and Taxable Costs.

21.     On February 28, 2022, the Court granted preliminary approval of the parties' Settlement Agreement and Release as to Attorneys' Fees, Expenses, and Taxable Costs ("Settlement Agreement"), pursuant to Rule 23(h) of the Federal Rules of Civil Procedure.  (*See* Doc. 545.)

22.     Pursuant to that Order, Defendants posted Notice in English and in Spanish in each of the stations in Tucson Sector Border Patrol, and Plaintiffs' counsel posted Notice in English and in Spanish digitally on the website of the ACLU of Arizona, local counsel in this case, on the page dedicated to this litigation for more than fourteen (14) days subsequent to the filing date of this Order.

23.     On March 31, 2022, Plaintiffs and Defendants jointly filed with the Court a notice that no objections to the Settlement Agreement have been filed.

### B. Conclusions of Law

To the extent these Conclusions of Law are also deemed to be Findings of Fact, they are hereby incorporated into the preceding Findings of Fact.

1.     Under EAJA, a court shall award attorney fees and costs to a prevailing party in any civil action brought by or against the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).

2.     This Court issued its judgment and findings of fact and conclusions of law in favor of Plaintiffs.  As such, Plaintiffs are the prevailing party.  (*See* Docs. 482, 483.)

Subsequently, the Court also issued a permanent injunction, ordering CBP to take certain actions with regard to conditions of confinement at Tucson Sector stations.  (Doc. 494.)

3.     This Settlement Agreement was made between Plaintiffs and their attorneys and Defendants to settle claims to fees and non-taxable expenses pursuant to EAJA, and taxable costs pursuant to L.R. Civ. 54.1 and EAJA.

4.     This Settlement Agreement provides an amount that Defendant CBP will pay Plaintiffs' counsel in exchange for Plaintiffs and Plaintiffs' counsel releasing Defendants from any and all claims for attorneys' fees, expenses, and taxable costs that have been incurred in connection with this action.

5.     Fed. R. Civ. P. 23(h) provides: "In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement."  This is a certified class action, this Settlement Agreement is such an agreement, and the attorneys' fees, nontaxable expenses, and taxable costs are authorized by law, including EAJA and 28 U.S.C. § 1920.

6.     The Court finds that the Settlement Agreement was the product of extensive, informed, and arm's-length settlement negotiations between parties represented by experienced counsel, and a negotiation conducted by a neutral judicial officer, Magistrate Judge Markovich.

7.     The Court finds Plaintiffs' hours reasonable and sufficiently supported by the Declaration of Jack W. Londen, including Exhibit A thereto, as well as by the parties' stipulated facts.  The Court finds the hours were reasonable in light of the duration and complexity of the litigation, as well as the success achieved on behalf of the class.  (*See* Doc. 544-4, *id.* Ex. A, Doc. 544-5.)

8.     The Court further finds that the Parties' method of determining the fees and nontaxable expenses, on which the Settlement Agreement was based, was likewise reasonable and appropriate under the circumstances of this case.

9.     The Court further finds that the Settlement Agreement's total amount, of $3,832,052.00, is reasonable.  This amount is a substantial discount from the amount

requested by Plaintiffs of $4,796,203.48, and reflects specific reductions proposed by Defendants.

10.     The Court further finds the Settlement Agreement's total amount is reasonable because it is an agreed-upon payment in full and complete satisfaction of any claims by Plaintiffs or Plaintiffs' counsel for costs, attorneys' fees, and litigation expenses, including any interest, that were incurred in connection with the litigation.

11.     The Court further finds the Settlement Agreement's total amount is reasonable because, by committing to the terms, both Plaintiffs' counsel and Defendants eliminate litigation risk and gain certainty over whether and how much they will be compensated or pay.

12.     The Court finds that, in the circumstances of this case, Notice was "directed to class members in a reasonable manner." Fed. R. Civ. P. 23(h)(1).

13.     "A class member . . . may object to the motion" for attorneys' fees. Fed. R. Civ. P. 23(h)(2). The Court finds that there have been no objections.

14.     In the circumstances of this case, and in the absence of objections, the Court determines that it is unnecessary to hold a hearing in order to approve the Settlement Agreement. *See* Fed. R. Civ. P. 23(h)(3).

15.     In light of the foregoing findings of fact and conclusions of law, the Court finds the Settlement Agreement to be fair and reasonable, and hereby grants final approval of the Settlement Agreement.

///
///
///
///
///
///
///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Accordingly,**

**IT IS ORDERED** that the Settlement Agreement and Release as to Attorneys' Fees, Expenses, and Taxable Costs is approved and shall be binding on all Parties to this action.

Dated this 5th day of April, 2022.

Honorable David C. Bury
United States District Judge